### BINGHAM TRIGG v. THE STATE OF TEXAS.

1. APPEAL lies from the action of the district judge in removing a county attorney from office under section 24 of article 5 of the Constitution of 1876.
2. APPROVED.—Gordon *v.* The State, 43 Tex., 339, approved and followed.
3. SUCH APPEAL lies to the Supreme Court, and not to the Court of Appeals.

APPEAL from Travis.   Tried below before the Hon. E. B. Turner.

Motion to dismiss.   This was an appeal from a judgment removing appellant from the office of county attorney, upon charges in writing, sustained by verdict of a jury, for habitual drunkenness and official misconduct.

*Walton, Green & Hill*, for motion.

*Hancock, West & North*, contra.

ROBERTS, CHIEF JUSTICE.—The question of the right of appeal made in this motion is fully decided by this court in the case of Gordon *v.* The State, 43 Tex., 339, which was the removal of a sheriff under section 18 of article 5 of the Constitution of 1869.   The clause of the Constitution of 1876 under which this proceeding was instituted, is very similar to that of the Constitution of 1869.   Its terms, in specifying the causes, requiring a written charge, and in allowing a jury trial in the District Court, are additional reasons for maintaining the right of appeal.   Without entering into a discussion

of the matter, we simply follow the decisions heretofore made by this court. Another question, is whether the appeal should have been taken to the Court of Appeals or to the Supreme Court. That question was not involved in the Gordon case, above referred to, inasmuch as it originated and was decided under the Constitution of 1869, and before the Constitution of 1876, creating the Court of Appeals, went into force.

At and before the last Austin Term of this court in 1877, we had before us a case similar to this, of Glaevecke v. The State, relating to the removal of a district clerk under a similar provision in the Constitution of 1869; and the question arose, whether or not, under the Constitution of 1876, that was a criminal case, that should be transferred to the Court of Appeals, and we held that it was not; and having retained it as a civil cause, of which this court had jurisdiction, it was, at the last term of this court at Austin in 1877, dismissed, upon the opinion rendered in the case, decided at the same term, of Gordon v. The State, 47 Tex., 209, which, being a case under the Constitution of 1869, was dismissed on two grounds: first, because the remedy applicable to such a case was materially changed by the Constitution of 1876, in specifying the causes of removal, and in requiring the cause of removal to be set forth in writing, and the finding of its truth by a jury; and, second, the term of office of the sheriff had then expired, and therefore a decision would have been useless and inoperative. (See Const. 1876, art. 5, sec. 24; Const. 1869, art. 5, secs. 9, 18.)

So that though the case was dismissed, it was not for the want of jurisdiction to entertain it as a civil cause, but because the remedy under which it had been prosecuted no longer existed, so that the District Court could have proceeded with it as it was instituted, had it been remanded, and because its decision would have been useless.

Under these views of this case, the motion to dismiss is overruled.

OVERRULED.