**STATE ex rel. OWEN et al. v. STARNES, County Judge, et al. (No. 10354.)**

(Court of Civil Appeals of Texas. Fort Worth. Nov. 11, 1922. Rehearing Denied Dec. 16, 1922.)

Quo warranto ⬦==⧐34—District court cannot remove county judge and commissioners on petition filed by private citizens without consent or assistance of county or district attorney.

In view of Vernon's Sayles' Ann. Civ. St. 1914, art. 6042, providing that proceedings for the removal of county judges, commissioners, etc., under articles 6041–6043, 6048, "shall be conducted in the name of the state of Texas on the relation of the person filing the same," and Const. art. 5, § 21, requiring that the county attorney represent the state in all cases in the district and inferior courts in his county, the district court is without jurisdiction to remove a county judge and commissioners from their offices for misconduct made a cause of forfeiture by article 6030, on a petition filed by private citizens without the consent or assistance of the county or district attorney; the suit being in the nature of a quo warranto proceeding in the interest of the public at large, though not so characterized by the statutes, and not one for the recovery of an office for the individual benefit of any of the complainants.

Appeal from District Court, Parker County; F. O. McKinsey, Judge.

Suit by the State of Texas, on the relation of Briggs Owen and others, against C. R. Starnes, County Judge of Eastland County, and others, County Commissioners, to remove them from their offices. Judgment for defendants, and relators appeal. Affirmed.

J. R. Stubblefield, of Eastland, Hood & Shadle, of Weatherford, and Grisham Bros., of Eastland, for appellants.

Shropshire & Bankhead, of Weatherford, Conner & McRae and Burkett, Orr & McCarty, all of Eastland, for appellees.

DUNKLIN, J. This suit was instituted by Briggs Owen, P. G. Wright, J. R. Higgins, Col. H. Smith, W. C. McGough, and J. E. Kuykendall, property owners and property taxpaying voters and citizens of Eastland county, in the name of the state of Texas, by them as relators, against C. R. Starnes, county judge of Eastland county, Tex., and E. H. Webb, J. W. Camp, and M. G. Robertson, county commissioners of said county, to remove them from their respective offices. The suit was filed in the district court of Eastland county, but the venue was changed to the district court of Parker county, in which latter court judgment was rendered in favor of the defendants, and the relators have appealed.

The record here is voluminous, including numerous pleadings, assignments of error, and a lengthy statement of facts.

The case was tried before a jury, and after the conclusion of evidence the trial judge peremptorily instructed the jury to render the following verdict:

"We, the jury, find, under the instructions of the court, that none of the causes of removal set forth in the petition herein are true in point of fact."

Upon that verdict, the judgment complained of was rendered.

We shall not undertake a discussion of the numerous assignments of error presented in appellants' brief, since we have reached the conclusion that the trial court was without jurisdiction to remove the defendants from office upon the petition filed by the relators.

Incompetency and official misconduct were the causes for which the removal from office was sought, and the following are some of the articles of the statutes (Vernon's Sayles' Ann. Civ. St. 1914) upon which the suit was based:

Article 6030: "All district attorneys, county judges, commissioners, and county attorneys, clerks of the district and county courts, and single clerks in counties where one clerk discharges the duties of district and county clerks county treasurer, sheriff, county surveyor, assessor, collector, constable, cattle and hide inspector, justice of the peace, and all other county officers now or hereafter existing by authority either of the Constitution or laws, may be removed from office by the judges of the district court for incompetency, official misconduct, habitual drunkenness, or drunkenness not amounting to habitual drunkenness, as hereafter defined in this chapter."

Article 6041: "The proceedings for the removal of said officers may be commenced, either in term time or vacation, by first filing a petition in the district court of the county where the officer resides, by a citizen of the state who has resided for six months in said county where he proposes to file such petition, and who is not himself at the time under indictment in said county."

Article 6042: "The petition shall be addressed to the district judge of the court in which it is filed, and shall set forth in plain and intelligible words the cause or causes alleged as the grounds of removal, giving in each instance, with as much certainty as the nature of the case will admit of, the time and place of the occurrence of the alleged acts; the petition shall, in every instance, be sworn to at or before the filing of the same by at least one of the parties filing the same, and the proceedings shall be conducted in the name of 'The State of Texas,' upon the relation of the person filing the same."

Article 6043: "In these cases, the judge shall not submit special issues to the jury, but shall, under a proper charge applicable to the facts of the case, instruct the jury to find from the evidence whether the cause or causes of removal set forth in the petition are true in point of fact or not; and, when there are more than one distinct causes of removal alleged, the jury shall by their verdict say which cause they find sustained by the evidence before them, and which are not sustained."

---

Article 6048: "The trial and all the proceedings connected therewith shall be conducted as far as it is possible in accordance with the rules and practice of the court in other civil cases."

Article 5, § 21, of the Constitution, reads as follows:

"A county attorney, for counties in which there is not a resident criminal district attorney, shall be elected by the qualified voters of each county, who shall be commissioned by the Governor, and hold his office for the term of two years. In case of vacancy the commissioners' court of the county shall have power to appoint a county attorney until the next general election. The county attorneys shall represent the state in all cases in the district and inferior courts in their respective counties; but, if any county shall be included in a district in which there shall be a district attorney, the respective duties of district attorneys and county attorneys shall, in such counties, be regulated by the Legislature. The Legislature may provide for the election of district attorneys in such districts, as may be deemed necessary, and make provision for the compensation of district attorneys, and county attorneys; provided, district attorneys shall receive an annual salary of five hundred dollars, to be paid by the state, and such fees, commissions and perquisites as may be provided by law. County attorneys shall receive as compensation only such fees, commissions and perquisites as may be prescribed by law."

It will be observed that by article 6042 it is provided that a proceeding for removal "shall be conducted in the name of 'The State of Texas,' upon the relation of the person filing the same." The effect of that article is to make the state of Texas, and not the relator, the plaintiff. If the state is the plaintiff, then, under article 5, § 21, of the Constitution, the county attorney of Eastland county had the exclusive authority to represent the state, which was plaintiff, and the Legislature did not have the power to delegate that authority to any private citizen or citizens.

The record in this case shows that not only the suit was instituted by private citizens, but was prosecuted by them, all without the consent or assistance of the county attorney or district attorney. We are of the opinion that the recent decision of the Supreme Court in the case of S. L. Staples, Secretary of the State, et al. v. State of Texas ex rel. C. E. King et al. (No. 3865 on the docket of the Supreme Court) 245 S. W. 639, opinion not yet [officially] published, and authorities therein cited, are of controlling effect in determining the issue now under discussion, and support the conclusion we have reached, as stated above.

The suit was not to enforce private rights of the citizens who were relators, but the relief sought was in the interest of the public at large, and was in the nature of a quo warranto proceeding, in that it challenged the right of the defendants to hold their respective offices by reason of official misconduct which was made a cause of forfeiture of the office by article 6030. None of the relators claim the right to hold the office of any of the defendants, and hence the suit was not one for the recovery of an office for the individual benefit of any of the complainants and which the complainant could maintain in his own name, such as was true of the suits involved in McAllen v. Rhodes, 65 Tex. 348, and Gilmore v. Waples, 108 Tex. 167, 188 S. W. 1037. The state, and not the relators, was plaintiff in the suit.

The Staples Case, cited above, was instituted by certain citizens to contest the right of a successful candidate at the primary election for the office of United States Senator, to have his name printed on the ballots at the general election as the Democratic nominee for that office. The suit was instituted under a statute expressly providing that quo warranto proceedings to determine the right so contested might be instituted by a private citizen. But it was held that the Legislature was forbidden by the Constitution of Texas to vest a private citizen with that authority, since by the terms of the article of the Constitution above noted such authority was vested exclusively in the county attorney or district attorney or Attorney General. And the following conclusions expressed in the opinion of our Supreme Court in disposing of that case relative to the statute therein involved is equally as applicable to the present suit:

"The conclusion is unavoidable that the purpose of the law is to protect the public at large. It must be so held. Individual rights and remedies were already well protected and provided for."

The fact that the statute there under consideration provided that the proceeding which a private citizen had the right to institute and prosecute should be by quo warranto, while the statutes under which the present suit was instituted do not so characterize the proceeding therein authorized, does not make the decision in the Staples Case any the less applicable to the present suit. The vice in both statutes is that in each a private citizen, with no personal interest alleged or shown, is authorized, of his own volition, to institute and prosecute a suit in behalf of the state, in violation of a provision of the Constitution vesting that authority exclusively in the county attorney or district attorney or Attorney General.

For the reasons noted, all assignments of error are overruled, and the judgment is affirmed.