ESTELLA G. GARCIA ET AL V. C. W. LAUGHLIN
DISTRICT JUDGE ET AL

No. A-5524. Decided December 14, 1955.
Rehearing overruled January 18, 1956.
(285 S.W. 2d Series 191)

*Gordon Gibson,* of Laredo, for relators.

*John Ben Sheppard,* Attorney General of Texas, *Sam Burris* District Attorney 79th District, *D. S. Meredith, Jr., Sidney P. Chandler* and *Ralph Rash,* Assistants to the Attorney General, for respondents.

MR. JUSTICE GRIFFIN delivered the opinion of the Court.

This is an original application for writ of mandamus and prohibition filed in this Court by relators, Estella G. Garcia and other citizens of Duval County, Texas. The facts in this case are as follows:

On October 26, 1955, the Attorney General of Texas, the District Attorney of the 79th Judicial District of Texas, which includes Duval County, Texas, (Duval County had and has a regularly elected, qualified and acting county attorney who did not join in the suit at the time of the filing and the entry of the orders under attack in this proceeding), upon the relation of Frank A. Vaello, filed suit in the District Court of Duval County, asking the judge of said court to remove relator, Estella G. Garcia, from her office as County Commissioner, Precinct No. One, Duval County, Texas. In the petition seeking removal it was alleged that relator, Garcia, as a member of the Commissioners' Court had violated the provisions of the Nepotism Act of our State, and particularly in four separate instances by casting her vote to pay three claims for money against Duval County in favor of her son, and in the fourth instance in favor of relator's daughter, when relator well knew her daughter had been discharged and held no valid claim against the County. It was also alleged that by voting to pay her daughter funds of Duval County, relator was hiring, or attempting to hire said daughter in violation of the Nepotism Act. There was a further allegation that relator, in conjunction with certain other members of the Commissioners' Court of Duval County, had entered into an alleged illegal contract undertaking to employ an attorney to recover funds belonging to Duval County, and had agreed to pay such attorney 15% of all amounts so collected as result of suit or suits filed by such attorney. It was alleged that an appeal was taken from such order of employment to the District Court of Duval County; and that the District Court had rendered a judgment enjoining the execution of the contract because, in making this contract, the Commissioners' Court had "acted without reason, arbitrarily and wrongfully, and constitute acts of bad faith and not being for the best interest of Duval County, Texas, and the public." Certain other acts and statements of relator, Garcia, were wilfully and knowingly done by relator and constituted official misconduct, as well as incompetency. The prayer was (1) for an order directing the Clerk of the District Court to issue citation, accompanied by a certified copy of the petition, to Estella G. Garcia, the defendant in the suit; (2) to set a time for hearing of the cause; (3) the suspension of relator, Garcia, from her office, and the appointment by the court of a qualified per-

son as Commissioner in relator's place, conditioned upon such appointee giving a proper and legal bond and (4) upon final hearing that Estella G. Garcia be permanently removed, and for general relief. The petition was duly sworn by Vaello, as one of the plaintiffs. After presentation of this petition on October 26, 1955 the District Judge directed the Clerk of the court to file same, and set the cause for hearing on November 25, 1955 at 10:00 a.m. at the courthouse of Duval County, and directed that proper citation and notice of setting be issued to Estella G. Garcia. On October 26, 1955 Vaello filed a motion that Mrs. Garcia be suspended from her office and some qualified person be appointed temporarily to fill her office, upon qualifying according to law. Thereafter, and on the same day, the District Judge suspended Mrs. Garcia from office and appointed T. H. Molina, a qualified person to fill her office, and required him to give bond as required by law for the protection of Mrs. Garcia, should she not be removed from office. Molina gave a bond which was approved by the District Judge in open court on October 26, 1955.

Mrs. Garcia and other citizens of Duval County filed this application for mandamus (1) commanding the District Judge to set aside his order removing Mrs. Garcia from office and appointing T. H. Molina in her stead; (2) prohibiting the District Judge from taking any action in this suit, "unless and until the County Attorney of Duval County should join in the suit on behalf of the State of Texas," and certain other orders relative to other litigation in counties other than Duval County.

It is the contention of relators that the district court and the judge thereof acquired no jurisdiction of this cause, for the reason that the county attorney of Duval County did not join in the same; therefore, the orders of the district judge were void. Unless the action taken by the district judge were void, relator can recover no relief in this proceeding.

The present suit was instituted under the provisions of Article 5, Section 24 of the State Constitution and Article 5970, Vernon's Annotated Civil Statutes, which gives to the district judge power to remove certain county officers, including commissioners, for "* * * incompetency, official misconduct, habitual drunkenness * * *." In addition to the Constitutional provision covering the three above causes for removal, the article also provides: "* * * or other causes defined by law, upon cause therefor being set forth in writing and the finding of its truth by a jury." Under this provision of the Constitution it has been

held that, pending a trial of the cause upon its merits, the district judge has the right and power to temporarily suspend such officer and appoint for the time being another to discharge the duties of the office. Article 5982, Vernon's Annotated Civil Statutes; Griner v. Thomas, 101 Texas 36, 104 S.W. 1058; 16 Ann. Cas. 944; Poe v. State, 72 Texas 625, 10 S.W. 737; Walker v. Walker, 1922, Tex. Civ. App., 241 S.W. 524, no writ history.

■ In order that the district judge and the district court may have jurisdiction to hear and determine the cause, it is necessary that the parties bringing the action possess the legal capacity to institute and maintain the suit. Staples v. State, 112 Texas 61, 245 S.W. 639; Maud v. Terrell, 109 Texas 97, 200 S.W. 375. Individual citizens have no private interest distinguishable from the public as a whole and have no right to maintain an ouster suit without being joined by a proper state official. Staples v. State, supra; Maud v. Terrell, supra; State ex rel. Hancock v. Ennis, 1946, Texas Civ. App., 195 S.W. 2d 151, ref. n.r.e.; Allen v. Fisher, 118 Texas 38, 9 S.W. 2d 731; State Board of Dental Examiners v. Bickham, 1947, Texas Civ. App., 203 S.W. 2d 563, no writ history; State v. Starnes, 1922, Texas Civ. App., 246 S.W. 424, no writ history.

Relators rely upon Article 5, Section 21, State Constitution, to sustain their position that only the county attorney is authorized to represent the state in an ouster proceeding brought under the provisions of Title 100, Vernon's Annonated Civil Statutes of which Articles 5972 and 5996 are a part; therefore, county attorney not having joined in this suit, all proceedings had herein are void. Article 4, Section 22, defines the duties and powers of the Attorney General to represent the State "* * * in all suits and pleas in the Supreme Court of the State in which the State may be a party * * * and perform such other duties as may be required by law * * * ." This article was also amended November 2, 1954, but the quoted language is substantially that existing prior to the amendment. The powers conferred by the Constitution upon the state officials are generally held to be exclusive, and except in the manner authorized by the Constitution, these powers cannot be enlarged or restricted. Maud v. Terrell, supra; Brady v. Brooks, 99 Texas 366, 89 S.W. 1052; Harris County v. Stewart, 91 Texas 133, 41 S.W. 650; State v. International & G. N. R. Co., 89 Texas 562, 35 S.W. 1067; Staples v. State, supra.

In the case of State ex rel. Downs v. Harney, 1942, Texas Civ. App., 164 S. W. 2d 55, wr. ref., w.o.m., the Attorney Gen-

eral, not joined by the district or county attorney, upon the relation of certain citizens of Nueces County, brought ouster proceedings against the Sheriff of Nueces County. The State lost in the trial court upon a jury verdict, and the Attorney General appealed. The right of the Attorney General to bring and prosecute the suit was directly questioned and dealt with by the Court of Civil Appeals. Judgment was rendered and cause dismissed as being instituted without lawful authority. Although the application for writ of error was refused by this Court "want of merit," such action by this Court, of necessity, approved the holding of the Court of Civil Appeals that the Attorney General was without authority to bring such suit under Articles 5970, et seq., because that issue was directly decided, and had such holding been incorrect we could not have failed to have granted the writ on such an important law question. In the course of that opinion, the Court said:

"As the powers and duties of the Attorney General are prescribed by the Constitution and Statutes, those powers must be limited to those so prescribed, and may not be enlarged by the courts.

\* \* \*

"It is our considered judgment that, since there is no constitutional or statutory provision which vests in the Attorney General the power, or makes it his duty, to institute actions for the removal of county officers under the provisions of Art. 5, Sec. 24, of the Constitution, and Art. 5970 of the Statutes, [Title 100—Officers—Removal Of, Vernon's Annotated Civil Statutes] the Attorney General cannot assert or exercise such power and duty in this action. We conclude that such power and duty vests in the county attorney under Section 21, Art. 5, of the Constitution, \* \* \* which provides that 'the county attorneys shall represent the State in all cases in the District and inferior courts in their respective counties.' "

The Harney case very ably and thoroughly discusses the rights and powers of the Attorney General in his representation of the State in its litigation.

■ Since the Attorney General does not possess the power to institute these removal proceedings, we must next determine whether the District Attorney of Duval County (it being situated in a multiple county district) possessed such right and authority. The article below is the amended article adopted November 2, 1954, but the provisions quoted are the same as

in the 1876 Constitution. Relators contend that there has been no legislative enactment modifying the exclusive right of the county attorney to represent the county in the district and inferior courts as set out in the Constitution. Neither side has cited any action by the Legislature, and we have been unable to find any statutes to that effect. Further, it is contended that the Legislature has not defined the duties of a district attorney so as to entitle him to represent the state in such courts, to the exclusion of or in conjunction with the county attorney. Again we are cited to no such legislative enactment and have found none. Neither have we found a case so holding.

Article 5, Section 21 provides, among other things, that "* * * The County Attorneys shall represent the State in all cases in the District and inferior courts in their respective counties; but if any county shall be included in a district in which there shall be a District Attorney, the respective duties of District Attorneys and County Attorneys shall in such counties be regulated by the Legislature. * * * " The first clause quoted gives only to the county attorneys the right to represent the State in district and inferior courts, but the last clause recognizes that there may be both county and district attorneys in the same county, and by its provision for duties of the district attorney and regulation of the county attorneys' and district attorneys' duties, the Constituion recognizes the right of the district attorney to represent the State in conjunction with the county attorney. Also, the Constitution recognizes the right of the Legislature to regulate and prescribe to each of these officers their respective duties. By such right the Legislature has seen fit to provide in Articles 25 and 26 of the Code of Criminal Procedure that the district attorney shall represent the State in the prosecution of all criminal cases in the district courts of his district, except where he is disqualified. When the district attorney is disqualified the county attorney is given the right to represent the State. Also the county attorney is required to represent the State in all criminal cases tried in courts other than the district courts, and to appear in district courts as representing the State when the district attorney is absent from district court, and, further, the county attorney may assist the district attorney in cases in the district court.

In the absence of a specific legislative enactment we believe the Constitution provides for either the district attorney or the county attorney, jointly or singly, in the event either fails to act, to be the proper officer to represent the State in the district court. The State cites an opinion of a former attorney general

holding that either may represent the State. While such opinion it not binding on us, we have given it due consideration by virtue of the fact that the attorney general is the one designated to advise State officers.

In the case of Trigg v. State, 49 Texas 644, (1878), a proceeding was brought for the removal of the county attorney for habitual drunkenness. This proceeding was had on relation of some private citizens. In discussing the proper officers to represent the State in such action, the Court said:

"* * * It would seem proper, also, for the *district attorney* or county attorney, when not disqualified, to prosecute the case on behalf of the State,—not doubting, however, the authority of the judge to request other attorneys to act, where the State, for any cause, is not otherwise represented, or to act as assistants of the State's counsel. These suggestions, in relation to the proper practice in this proceeding, are drawn by analogy from 'informations in the nature of a quo warranto' as practiced in England, and in many of the American States, for the removal of an officer from his office. That, when filed at the instance of a relator, rests upon the sound discretion of the court to admit it. (High on Ex. Rem., secs. 591, 605, 608). The allegations must be specifically made, and, in some shape of oath, sworn to by the relator, (Id., secs. 733, 734, 739.)

"Surely, in an extraordinary and summary proceeding of this kind, imposing upon the judge the responsible and delicate duty and the high power of removing a whole class of officers, in order to preserve, if necessary, the proper organization of the State government for the execution of the laws, such orderly and well-defined regulations should be adopted in the judicial inquiry as may be consistent with its prompt and faithful exercise." (Emphasis added.)

In the case of Brady v. Brooks, 99 Texas 366, 89 S.W. 1052, 1057, (1905) the district attorney and county attorney, acting together, sought to take over the exclusive prosecution of two suits brought by the attorney general for collection of certain penalties. The right of the attorney general to prosecute the suits was sustained under a legislative act so providing. However, in discussing the rights of these officials to represent the State and direct and control the State's litigation, the Court said: "* * * The main purpose of section 21 of article 5 being manifestly to make it the duty of the county attorney or district attorney, as the case might be, to prosecute the pleas of the

state, it may be gravely doubted whether it was within the power of the Legislature to deprive them of that function, by conferring it in whole or in part upon another officer. * * * ".

In the case of Reeves v. State, 114 Texas 296, 267 S.W. 666, both the district and county attorneys joined in the removal proceedings. In discussing the question of the validity of orders entered by the district judge, who was related within the prohibited degree to one of the individual relators, the Court said: "While an action to oust a county officer for official misconduct is for the benefit of the public, and must be conducted in the name of the state of Texas, and be represented by a county or district attorney, yet we think the permission given by these statutes to relators to act in these matters by and with the consent and under the direction of the authorized agents and representatives of the state * * * constitute them proper parties to the suit * * * ."

In the case of State ex rel. Downs v. Harney, supra, after holding the attorney general had no right to bring and prosecute this action for removal, the Court said: "* * * whereas, the sheriff contends that the action being one to remove him from office for acts of misconduct prescribed in Section 24, Art. 5, of the Constitution, and Art. 5970, R.S. 1925, it is the exclusive province of the district and county attorneys to institute the proceedings under the provision of Art. 5, Sec. 21, of the Constitution, requiring county attorneys to represent the State in all cases in the district and inferior courts in their respective counties. We have reached the firm conclusion that the contentions of the sheriff must be sustained; that this purely local action to remove the sheriff of Nueces County should have been brought, if at all, by the district or county attorney of that county; * * * ."

In State Board of Dental Examiners v. Bickham, supra, the Court says:

"* * * Nor may the State be represented in the district or inferior courts by any person other than the county or district attorney, unless such officer joins therein. Allen v. Fisher, 118 Texas 38, 9 S.W. 2d 731; State ex rel. Downs v. Harney, Tex. Civ. App., 164 S.W. 2d 55, * * * ."

In the Ennis case (State v. Ennis, 1946, Texas Civ. App., 195 S.W. 2d 151, ref. n.r.e.) it was held that the district attorney had the right to control removal proceedings, even to

the dismissal thereof. In that case there was an attempt made to remove the Sheriff of Bee County, Texas. Bee County was a county in a multiple county district.

■ We think that the district attorney was a proper official to represent the State in this ouster proceeding and that therefore the trial court had jurisdiction to entertain the suit and to suspend relator, Garcia, temporarily pending a trial on the merits. The district court had jurisdiction to appoint Molina to fill her position until final determination of the cause. The county attorney also could bring the action.

It is contended that to permit both the county and district attorneys to bring this action might lead to confusion in the trial of the case in the event these two officials should differ on the method of conducting such trial. We think the district judge is empowered to resolve such conflict, and to determine which of the two officials, having equal powers and rights, will best protect the State's interests, and to make such rulings as in his discretion will effectuate this end.

It follows that the judgment of the trial judge in the premises was not void, and the mandamus sought will be denied.

Opinion delivered December 14, 1955.

Rehearing overruled January 18, 1956.