

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

April 2, 1962

Mr. Frank J. Baughman
District Attorney
47th District
Amarillo, Texas

Opinion No. WW-1299

Re: If Justices of the Peace
and City Judges fail to
report all traffic con-
victions to the Department
of Public Safety, what
procedure should be
followed in enforcing
Section 152 of Article
6701d, Vernon's Civil
Statutes, and related
question.

Dear Mr. Baughman:

By letter you request our opinion on the following
subjects: What procedure should be followed in enforcing
Section 152 of Article 6701d, Vernon's Civil Statutes, which
requires all justices of the peace and city judges to report
all traffic convictions to the Department of Public Safety;
and what state or county office is charged with responsibility
for enforcing this section?

Section 152 of Article 6701d, Vernon's Civil Statutes,
in part, reads as follows:

"(a) Every magistrate or judge of a
court not of record and every clerk of a
court of record shall keep a full record of
every case in which a person is charged with
any violation of this Act or of any other law
regulating the operation of vehicles on high-
ways.

"(b) Within ten (10) days after con-
viction of /or/forfeiture of bail of a person
upon a charge of violating any provision of
this Act or other law regulating the operation
of vehicles on highways, every said magistrate
of the court or clerk of the court of record
in which such conviction was had or bail was

forfeited shall prepare and immediately forward to the department /Department of Public Safety7 an abstract of the record of said court covering the case in which said person was so convicted or forfeited bail, which abstract must be certified by the person so required to prepare the same to be true and correct.

"(c) Said abstract must be made upon a form furnished by the Department /of Public Safety7 . . .

". . .

"(e) The failure, refusal, or neglect of any such judicial officer to comply with any of the requirements of this Section shall constitute misconduct in office and shall be grounds for removal therefrom."

Pursuant to Article 5970:

"All district and county attorneys, . . . justice of the peace and all county officers now or hereafter existing by authority either of the Constitution or laws, may be removed from office by the judge of the district court for incompetency, official misconduct or becoming intoxicated by drinking intoxicating liquor, as a beverage, whether on duty or not; . . ."

Article 5973 defines "official misconduct" with reference to county officers as:

". . .any unlawful behavior in relation to the duties of his office, willful in its character, of any officer intrusted in any manner with the administration of justice, or the execution of the law; and includes any willful or corrupt failure, refusal or neglect of an officer to perform any duty enjoined on him by law."

The word "willful" as used in this statute was defined in Reeves v. State, 258 S.W. 577, 582 (Civ. App. 1924, reversed on other grounds, 267 S.W. 666), as follows:

". . .The word 'willful' is used in the
sense of a conscious and intentional failure
or refusal to perform or keep inviolate any
duty imposed upon the officer by law. . . ."

By virtue of this statute and Section 152 (e) of
Article 6701d, failure or refusal to report traffic convictions
required by Section 152 would constitute misconduct of office
and subject a justice of the peace to an action for removal
from office.

Articles 5976-5986 relate the procedure to be
utilized in a removal suit. This procedure for removal of
elective county officials is exclusive. State v. Harney,
164 S.W.2d 55 (Civ. App. 1942, error ref. w.o.m.).

In State v. Starnes, 246 S.W. 424 (Civ. App. 1922)
the Court, referring to Article 5970, held that since Article
5977 provides for removal proceedings to be conducted in the
name of the state, consent or assistance of the county or
district attorney of the particular jurisdiction is required
by virtue of the requirements of Section 21, Article V of the
Constitution of Texas. The Court cited Staples v. State, 112
Tex. 61, 245 S.W. 639 (1922), as controlling on this point and
as supporting its opinion.

Section 7, Article XV, Constitution of Texas, which
declares that the Legislature shall provide for the trial and
removal of all officers of the State, does not apply to muni-
cipal officers. 30 Tex. Jur. Sec. 119, p. 223; see Bonner v.
Besterling, 104 Tex. 432, 138 S.W. 571 (1911), affirming 137
S.W. 1154.

Grants of power of removal from office are to be
strictly construed, and whatever is not given in unequivocal
terms is withheld. This is especially true in the case of
cities incorporated by special Act of the Legislature. Diffie
v. Cowan, 56 S.W.2d 1097 (Civ. App. 1932).

Volume 30 of Texas Jurisprudence, pages 223-233,
discusses this problem in some detail. These pages stress
that the particular law or charter provision of the city or
town involved controls the removal of municipal officers.
Since no particular municipality is mentioned in the request
for opinion, no further opinion is here given as to what re-
moval procedure, if any, may be utilized where a corporation
court judge fails or refuses to provide the information required
by Section 152 of Article 6701d.

## S U M M A R Y

Failure or refusal of a justice of the peace or corporation court judge to report traffic convictions, as required by Section 152 of Article 6701d, Vernon's Civil Statutes, constitutes misconduct in office. An action to remove a justice of the peace for misconduct in office may be brought pursuant to Article 5970 et. seq., Vernon's Civil Statutes.

Very truly yours,

WILL WILSON
Attorney General of Texas

By    F. R. Booth
Assistant

FRB:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Henry Braswell
Bill Pool
Bob Shannon
Leon Pesek

REVIEWED FOR THE ATTORNEY GENERAL
BY: Houghton Brownlee, Jr.