

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

March 14, 1966

Honorable Fred Holub                    Opinion No. C-636
County Attorney
Matagorda County                        Re: Whether the County Attorney
Bay City, Texas                              of Matagorda County, Texas,
                                             has the duty to act under
                                             the new Uniform Reciprocal
Dear Mr. Holub:                              Enforcement of Support Act.

        You have requested an opinion of this office concerning
the captioned matter.

        The new Uniform Reciprocal Enforcement of Support Act,
Acts 1965, 59th Legislature, Chapter 679, page 1561, codified
as Article 2328b-4, Vernon's Civil Statutes, delegates certain
enumerated duties to the "Prosecuting attorney" who is defined
in Section 2 (o) as follows:

        ". . .'Prosecuting attorney' means the
    district attorney or, in those counties in
    which the county attorney fulfills the func-
    tions of the district attorney, the county
    attorney."

        Section 21 of Article 5 of the Texas Constitution
provides, in part, as follows:

        "The County Attorneys shall represent
    the State in all cases in the District and
    inferior courts in their respective counties;
    but if any county shall be included in a dis-
    trict in which there shall be a District
    Attorney, the respective duties of District
    Attorneys and County Attorneys shall in such
    counties be regulated by the Legislature."

        The County Attorney of Matagorda County does not ful-
fill the functions of the District Attorney, as such county
has a District Attorney.

        In Section 2(o) of Article 2328b-4, supra, the Legis-
lature has, with clear and unambiguous language, defined the
term "Prosecuting Attorney", as used in the Act. Section 12

thereof, when Texas is the initiating state, provides:

> "The prosecuting attorney, upon the request of the court or the State Department of Public Welfare, shall represent the plaintiff in any proceeding under this Act."

Sections 18 and 19 of the Act contain comparable provisions when Texas is the responding state.

As the Legislature has specifically made it the duty of the District Attorney to be the "Prosecuting Attorney" in such cases, in all instances, except in those counties in which the County Attorney fulfills the functions of the District Attorney, it is our opinion that the County Attorney of Matagorda County does not have the duty to act as "prosecuting attorney" under the Uniform Reciprocal Enforcement of Support Act. See Garcia v. Laughlin, 285 S.W.2d 191, 195 (Tex.Sup. 1955).

### SUMMARY

The County Attorney of Matagorda County does not have the duty to act as "prosecuting attorney" under the Uniform Reciprocal Enforcement of Support Act.

Very truly yours,

WAGGONER CARR
Attorney General of Texas

By: LARRY J. CRADDOCK
Assistant Attorney General

LJC:cm

APPROVED:
OPINION COMMITTEE:

W. V. Geppert, Chairman
Lonny F. Zwiener
Robert Owen
Ralph Rash
Dean Arrington

Honorable Fred Holub, page 3 (C-636)

APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. WRIGHT