

# The Attorney General of Texas

May 26, 1981

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Bennie Bock II
Chairman
Committee on Environmental Affairs
House of Representatives
Austin, Texas 78769

Opinion No. MW-340

Re: Whether Texas Parks and Wildlife Commission may contract with a private attorney to prosecute shrimp and confiscation cases

Dear Representative Bock:

The Texas Parks and Wildlife Department is a state agency under the policy direction of the Parks and Wildlife Commission. Parks and Wildlife Code §11.011. Among other things, the department is responsible for enforcing state laws which protect wildlife and marine life. §§12.001; 12.101.

You ask whether the department may:

> contract with a private attorney to prosecute shrimp
> and confiscation cases and other wildlife infringe-
> ments of the law to aid parks and wildlife.

You advise that prosecutions of game laws have heretofore been undertaken by local district attorneys' offices.

Violations of the Parks and Wildlife Code provisions relating to wildlife and marine life constitute misdemeanors or felonies, which call for a fine and, in some instances, a jail sentence. See, e.g., Parks and Wildlife Code §§61.901, 66.106, 76.037, 76.216, 77.020, 78.102. Individuals who commit such violations are therefore guilty of criminal offenses. See also Penal Code §§1.03(b) (classification of offenses outside Penal Code), 3.02; 16 Tex. Jur. 2d Criminal Law §§1-6.

Texas law places the responsibility for representing the state in prosecutions of criminal cases in the district and inferior courts in the hands of county and district attorneys. Article V, section 21 of the Texas Constitution provides that:

> ... The County Attorneys shall represent the State
> in all cases in the District and inferior courts in
> their respective counties; but if any county shall be
> included in a district in which there shall be a
> District Attorney, the respective duties of District
> Attorneys and County Attorneys shall in such
> counties be regulated by the Legislature.

Article 2.01 of the Code of Criminal Procedure provides that:

> Each district attorney shall represent the State in all criminal cases in the district courts of his district, except in cases where he has been, before his election, employed adversely.

Article 2.02 of the Code of Criminal Procedure provides that:

> The county attorney shall attend the terms of court in his county below the grade of district court, and shall represent the State in all criminal cases under examination or prosecution in said county; and in the absence of the district attorney he shall represent the State alone and, when requested, shall aid the district attorney in the prosecution of any case in behalf of the State in the district court.

See Garcia v. Laughlin, 285 S.W. 2d 191 (Tex. 1955); Maud v. Terrell, 200 S.W. 375 (Tex. 1918); Brady v. Brooks, 89 S.W. 1052 (Tex. 1905); State v. Moore, 57 Tex. 307 (1882); Shepperd v. Alaniz, 303 S.W. 2d 846 (Tex. Civ. App. - San Antonio 1957, no writ); Attorney General Opinions MW-255 (1980); MW-24 (1979). These officers are therefore responsible for representing the Parks and Wildlife Department in the district and inferior courts in prosecutions of offenses arising under the Parks and Wildlife Code.

Because officers who are legally obligated to represent the state in the courts may not be stripped of their authority, see, e.g., Garcia v. Laughlin, supra, it is clear that the Parks and Wildlife Department may not hire private counsel to prosecute criminal cases without the involvement of the district or county attorney. But the question remains whether it may use appropriated funds to hire a private attorney to assist these officers in prosecuting these cases. Our courts have held that officers who are responsible for representing the state in court may, under some circumstances, be assisted in carrying out this obligation, provided such assistance is rendered in a subordinate capacity and the officer remains in control of the litigation. See, e.g., Maud v. Terrell, supra, (upholding statute authorizing comptroller to contract with "suitable person" to collect inheritance taxes on theory that statute did not purport to deprive county attorney of his authority); Allen v. Fisher, 9 S.W. 2d 731 (Tex. 1928); Brady v. Brooks, supra, (under article IV, section 22 of the Texas Constitution, Attorney General may be given duty to represent state in various matters in district court, along with county or district attorney); see also Attorney General Opinions MW-255 (1980) (article 332d, V.T.C.S., authorizes Prosecutors Coordinating Council to furnish prosecutorial assistance to a district attorney at latter's request); MW-24 (1979) (statute authorizing Department of Human Resources staff attorneys to represent department in litigation seeking child support upheld on ground that any such representation is provided with implicit consent of Attorney General).

We think this question must be answered in the negative. While we believe that the legislature could enact valid legislation authorizing the department to contract with private counsel to assist county and district attorneys in performing their lawful function, it has not done so. In our opinion, the department may exercise this power only if the legislature clearly authorizes it to do so.

The cases in this area do not address the precise question of whether an agency may only hire private counsel for the purpose described above if the legislature authorizes it to do so. But we believe that this conclusion follows from the discussion and approach taken therein. In Maud v. Terrell, supra, for example, the court stated that:

> . . . [T] he powers thus conferred by the Constitution upon these officials [the Attorney General and county and district attorneys] are exclusive. The Legislature cannot devolve them upon others. Nor can it interfere with the right to exercise them. . . It may provide assistance for the proper discharge by these officials of their duties, but since in the matter of prosecuting the pleas of the State in the courts the powers reposed in them are exclusive in their nature, it cannot, for the performance of that function, obtrude other persons upon them and compel the acceptance of their services. Wherever provision is made for the services of other persons. . . it is the constitutional right of the Attorney-General and the county and district attorneys to decline them or not at their discretion, and, if availed of, the services are to be rendered in subordination to their authority. (Emphasis added).

200 S.W. at 376. In State Board of Dental Examiners v. Bickham, 203 S.W. 2d 563 (Tex. Civ. App. - Dallas 1947, no writ), which involved an appeal from an order of the board suspending Bickham's license to practice dentistry, the court stated, at p. 565-66, that:

> . . . The provisions of Art. 4550a. . . confer the power on the Dental Board to employ necessary assistance to State prosecuting officers in the enforcement of the law pertaining to unlawful practice of dentistry. (Emphasis added).

Other relevant cases and Attorney General Opinions seem clearly to assume that such statutory authority is a prerequisite; in fact, the question in most of them was whether the particular statute at issue went too far, i.e., divested the Attorney General or the county and district attorneys of their lawful authority. See, e.g., Garcia v. Laughlin, supra; Attorney General Opinions MW-225; MW-24, supra.

Our conclusion that an agency may not hire private counsel to assist county and district attorneys in prosecuting criminal cases on its behalf unless it is specifically authorized to do so is not affected by cases such as Powers v. Hauck, 399 F. 2d 322 (5th Cir. 1968); Ballard v. State, 519 S.W. 2d 426 (Tex. Crim. App. 1974); Bingham v. State, 290 S.W. 2d 915 (Tex. Crim. App. 1956); and Phillips v. State, 263 S.W. 2d 159 (Tex. Crim. App. 1959). Those cases merely hold that a defendant's constitutional right to due process is not denied if a private attorney is permitted to participate in a criminal prosecution as long as the district attorney retains control and management of the prosecution. They imply nothing with regard to the circumstances under which private counsel may be retained.

It has been suggested that section 12.105 of the Parks and Wildlife Code affords the required authority. That section provides as follows:

>    (a)  The department may file complaints in the name of the State of Texas to recover fines and penalties for violations of the laws relating to game, birds, and fish.
>
>    (b)  The department may file a complaint and commence proceedings against an individual for violation of the laws relating to game, birds, and fish without the approval of the county attorney of the county in which the proceedings are brought. (Emphasis added).

We assume the contention is that the term "commence proceedings" connotes something more than merely filing a complaint, i.e., that it involves actual prosecution of the case, and that if the department may commence proceedings without the county attorney's approval, it necessarily possesses the authority to hire private counsel to do so.

We decline to construe section 12.105 this broadly. Were we to do so, we would be forced to conclude that the statute is unconstitutional, because it would deprive county attorneys of their authority to represent the department in prosecutions of offenses arising under the Parks and Wildlife Code. In our opinion, section 12.105 merely authorizes the department to file a complaint without the county attorney's approval; it does not authorize anything more to be done without his involvement. The phrase "and commence proceedings" is superfluous, because the act of filing a complaint is itself what "commences proceedings." Once a complaint is filed, the duties of the county and district attorneys are as prescribed by statute. See Code Crim. Proc. arts. 2.01-2.08.

Neither does the General Appropriations Act, Acts 1979, 66th Leg., ch. 843, at 2445, provide the necessary authority. Article V, section 42 of the act provides that:

>    Prior to expenditure of funds for retaining outside legal counsel, agencies and departments covered by this Act shall request the Attorney General to perform such services. If the Attorney General cannot provide such services, he shall so certify to the requesting agency, who may then utilize appropriated funds to retain outside counsel.

Id. at 2917. However, it is settled that general legislation cannot be enacted in an appropriation bill. See Attorney General Opinion M-1199 (1972), which cites, among other authorities, Moore v. Sheppard, 192 S.W. 2d 559 (Tex. 1946); see also Attorney General Opinion H-268 (1974) (appropriation bill may do no more than declare established law). Thus, this provision does not provide authority for an agency to contract with a private attorney; on the contrary, it merely sets forth a requirement which must be met before an agency which is authorized to employ outside counsel may use appropriated funds to do so. See Attorney General Opinions MW-255, MW-191 (1980).

## SUMMARY

Absent statutory authority permitting it to do so, the Parks and Wildlife Department may not contract with a private attorney to prosecute shrimp and confiscation cases and other wildlife infringements of the law.  No such statutory authority exists.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Timothy L. Brown
Rick Gilpin
Jim Moellinger