STATE OF TEXAS v. TEXAS CENTRAL RAILROAD COMPANY.

Decided June 4, 1910.

**Railroad Company—Penalties—Right to Sue.**

The county attorney of a county which is included within a judicial district having a district attorney has no authority to sue a railroad company for the penalties prescribed by article 4512, Sayles' Civ. Stats., for a failure by the company to provide separate coaches for the accommodation of white and negro passengers traveling upon its trains, unless such county attorney was authorized to do so by either the Railroad Commission or the Attorney General of the State.

Error from the District Court of Eastland County. Tried below before Hon. Thos. L. Blanton.

*Allen D. Dabney,* County Attorney of Eastland County; *J. J. Butts* and *Earl Conner,* for plaintiff in error. *Jewel P. Lightfoot,* Attorney General, of counsel.—The trial court erred in its conclusion of law. Section 21, article V, Texas Constitution; section 2, article X, Texas Constitution; section 21, chapter 51, General Laws, 22nd Legislature; section 10, chapter 41, General Laws, 22nd Legislature; Moore v. State, 57 Texas, 307; State v. International & Great N. Ry. Co., 35 S. W., 1067; Harris County v. Stewart, 41 S. W., 650.

*Scott & Brelsford, T. G. Jackson, W. B. Patterson, Collins & Cummings* and *J. A. Kibler,* for defendant in error.—The court did not err in sustaining the plea in abatement. Section 21, article V, Constitution of Texas; articles 4568, 4579 and 4577, Revised Statutes; Moore v. Bell (Sup. Ct.), 66 S. W., 45; Duncan v. State, 67 S. W., 903.

DUNKLIN, ASSOCIATE JUSTICE.—Allen D. Dabney as county attorney of Eastland County, joined by associate counsel, instituted this suit in the name of the State of Texas against the Texas Central Railroad Company to recover five million eight hundred and forty thousand dollars alleged to be due the State as statutory penalties for the alleged failure of defendant to provide separate coaches for the accommodation of white and negro passengers traveling upon its trains, as required by articles 4509-10-11, Sayles' Civil Statutes. In the petition it was alleged that on each and every day during the period of fifteen hundred and seventy-nine days immediately preceding the institution of the suit, defendant had operated four passenger trains on its road running through Eastland County, and in each and every instance had violated the requirements of the statutes mentioned above, and the amount sued for was alleged to be the aggregate of penalties due the State for those infractions of the law.

The defendant's plea in abatement of the suit having been sustained by the trial court the cause was dismissed and from that order this writ of error is prosecuted.

The trial judge filed the following findings of fact and conclusions of law:

"Findings of Fact.

"I find that Allen B. Dabney who is the duly qualified county attorney of Eastland County, Texas, instituted this suit in behalf of the State of Texas, as plaintiff against the Texas Central Railroad Company, defendant, on the 25th day of February, A. D. 1909, and that at his request, J. J. Butts, Esq., and Earl Conner, Esq., assisted him as co-counsel in the filing of said suit; that Eastland County is one of the five counties composing the Forty-second Judicial District of Texas and that there is a duly qualified district attorney of said Forty-second Judicial District, towit, Hon. W. P. Mahaffey, Esq., who resides in Abilene, Taylor County, Texas, said Taylor County being one of the counties composing said district; that the said Allen D. Dabney was

neither requested nor authorized by the Railroad Commission of Texas, the Attorney General of the State of Texas, or the district attorney of said Forty-second Judicial District, to file said suit and neither of his co-counsel was so requested or authorized, but that said county attorney brought said suit upon his own initiative and without any authority whatever.

### "Conclusions of Law.

"I conclude, as a matter of law, that the said Allen D. Dabney, Esq., as county attorney of Eastland County, was wholly unauthorized and without authority in the filing of this suit, and that before he would have the legal right to represent the State of Texas in such an action it would be necessary for him to be requested, directed or authorized by either the Attorney General of the State of Texas, or the Railroad Commission of Texas, and therefore, the defendant's plea in abatement is hereby sustained and this case dismissed without prejudice."

Appellant contends that neither the Constitution nor statutes impose upon the Railroad Commission nor upon the Attorney General of the State the duty to direct or authorize the institution of suits of this character, and that as there was no district attorney residing in Eastland County section 21, article V of the Constitution conferred upon the county attorney of that county authority to institute this suit.

Section 21, article V of the Constitution provides: "The county attorney shall represent the State in all cases in the District and inferior Courts in their respective counties; but if any county shall be included in a district in which there shall be a district attorney, the respective duties of district attorneys and county attorneys shall in such counties be regulated by the Legislature."

As will be observed, the trial court found that Eastland County is included in a district in which there is a district attorney. In such cases section 21, article V of the Constitution does not prescribe the duties of the county attorney, but delegates to the Legislature the power to fix the respective duties of county attorneys and district attorneys. And we have been cited to no statute nor have we found one, which, under such circumstances, confers upon county attorneys authority to institute suits in behalf of the State to recover the statutory penalties for violation of the separate coach law. The case of Moore v. State of Texas, 57 Texas, 307, relied on most strongly by appellant, involved the authority of the county attorney to institute certain suits in behalf of the State, but as the county attorney, who was a party to the suit, filled that office in a county which was not included in a district having a district attorney, the decision is not in point in this case.

Defendant in error insists that by the Railroad Commission Law, chapter 13, title 94, Sayles' Civil Statutes, enacted in 1891 pursuant to the amendment of article X, section 2 of the Constitution adopted in 1889, exclusive authority to institute and prosecute all suits of this character is vested in the Attorney General, and the case of Moore v. Bell,

95 Texas, 151, by our Supreme Court, is relied on to support this con-
tention. A determination of this question is rendered unnecessary by
reason of our conclusion noted above. The judgment is affirmed.

*Affirmed.*