TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-00-00111-CR








Ex parte Austin Independent School District






FROM THE COUNTY COURT AT LAW NO. 3 OF TRAVIS COUNTY


NO. 547001, HONORABLE DAVID CRAIN, JUDGE PRESIDING








 On April 6, 1999, a Travis County grand jury indicted the Austin Independent
School District ("AISD") on sixteen counts of tampering with a governmental record (1) based on
the conduct of a single AISD employee, Ricky Arredondo. See Tex. Penal Code Ann. § 7.22(a)
(West 1994) (imposing criminal responsibility on association for conduct performed by agent
acting on behalf of association and within scope of employment). AISD filed a petition for writ
of habeas corpus in which it argued that Penal Code section 7.22(a) is unconstitutional because
it: (1) interferes with the constitutionally mandated duty of county attorneys to "represent the
State in all cases in the District and inferior courts in their respective counties," (2) and (2) violates
the separation-of-powers doctrine of the Texas Constitution. (3) 

 The county court issued the writ and granted AISD an evidentiary hearing. The
court found that Penal Code section 7.22(a) is constitutional, and AISD appealed pursuant to
Texas Rule of Appellate Procedure 31, again challenging the constitutionality of Penal Code
section 7.22(a) on two grounds. We are presented only with the question of whether the
prosecution of a school district by a county attorney violates the Texas Constitution; no other issue
is raised in this appeal. We affirm the county court order.


DISCUSSION

 The record in this case is sparse; it contains only the sixteen indictments, AISD's
petition for writ of habeas corpus, the county court order setting the hearing, the order denying
relief, and AISD's notice of appeal. The relevant facts are derived solely from the allegations in
the indictments.

 Each of the indictments charges AISD with the misdemeanor offense of tampering
with a governmental record based on Arredondo's conduct. See Tex. Penal Code Ann.
§ 37.10(a)(3) (West Supp. 2000). The indictments allege that Arredondo, while acting on behalf
of AISD and within the scope of his employment, caused Texas Assessment of Academic Skills
("TAAS") test identification numbers assigned to sixteen elementary school students to be
changed, thereby eliminating the students' TAAS scores from their schools' ratings determination
and impairing the verity of both the Confidential 1998 Accountability Data Tables and the Spring
1998 student level TAAS data files. See id. (4)

 The language of the indictments tracks the statutory language of Penal Code section
7.22(a), which imposes criminal liability upon an association if conduct constituting an offense
is performed by an agent acting on behalf of the association and within the scope of his
employment, provided the Penal Code makes associations subject to prosecution for the offense. 
See Tex. Penal Code Ann. § 7.22(a)(1). The statute under which prosecution was brought, Penal
Code section 37.10(a)(3), provides: "A person commits an offense if he intentionally destroys,
conceals, removes, or otherwise impairs the verity, legibility, or availability of a governmental
record." Id. § 37.10(a)(3) (emphasis added). Penal Code section 1.07(a)(38) defines "person"
as "an individual, corporation, or association." Id. § 1.07(a)(38) (West 1994). Penal Code
section 1.07(a)(6) further defines "association" to include "a government or governmental
subdivision . . . ." Id. § 1.07(a)(6). Finally, Penal Code section 1.07(a)(24) defines
"government" as "(A) the state; (B) a county, municipality, or political subdivision of the state;
or (C) any branch or agency of the state, a county, municipality, or political subdivision." Id.
§ 1.07(a)(24).

 The parties agree that AISD is an association as defined by Penal Code section
1.07(a)(6). (5) By the literal language of the foregoing provisions, the Penal Code provides for the
criminal prosecution of associations for acts of tampering by their agents. But AISD contends that
section 7.22(a) is unconstitutional in all situations involving governmental entities. (6) AISD's first
argument is based upon article V, section 21 of the Texas Constitution, which provides, in
relevant part:


The County Attorneys shall represent the State in all cases in the District and
inferior courts in their respective counties; but if any county shall be included in
a district in which there shall be a District Attorney, the respective duties of
District Attorneys and County Attorneys shall in such counties be regulated by the
Legislature.



Tex. Const. art. V, § 21.

 AISD contends that insofar as section 7.22(a) authorizes county attorneys to
prosecute state agencies and political subdivisions of the state for the criminal acts of their agents,
it is an unconstitutional attempt by the legislature to interfere with the county attorneys' duty
under article V, section 21 of the Texas Constitution to "represent the State in all cases." 
(Emphasis added.) In support of its argument, AISD relies on articles 2.02 and 2.08 of the Texas
Code of Criminal Procedure, which it contends are consistent with a constitutional prohibition of
prosecutions of state entities by county attorneys. See Tex. Code Crim. Proc. Ann. arts. 2.02
("The county attorney shall attend the terms of court in his county below the grade of district
court, and shall represent the State in all criminal cases under examination or prosecution in said
county . . . ."), 2.08 (West 1977 & Supp. 2000) ("District and county attorneys shall not be of
counsel adversely to the State in any case, in any court . . . ."). AISD also argues that by
authorizing the prosecution of state entities, Penal Code section 7.22(a) violates the separation-
of-powers doctrine of article II, section 1 of the Texas Constitution.

 Our resolution of each of AISD's challenges to the constitutionality of Penal Code
section 7.22(a) turns on the meaning of the phrase "the State" in article V, section 21 of the Texas
Constitution. Simply put, the issue is whether "the State," as used in that constitutional provision,
is the equivalent of any state agency or political subdivision. To resolve this question, we must
examine both the statute and the relevant constitutional provision. See Duncan v. Gabler, 215
S.W.2d 155, 158 (Tex. 1948).

 Whenever an attack on the constitutionality of a statute is presented for
determination, we begin with the presumption that the statute is valid and that the legislature has
not acted unreasonably or arbitrarily in enacting it. See Ely v. State, 582 S.W.2d 416, 419 (Tex.
Crim. App. 1979); Skillern v. State, 890 S.W.2d 849, 860 (Tex. App.--Austin 1994, pet. ref'd). 
The burden rests upon the party challenging the statute to establish its unconstitutionality. See Ex
parte Anderson, 902 S.W.2d 695, 698 (Tex. App.--Austin 1995, pet. ref'd). We must uphold the
statute if a reasonable construction can be ascertained that will render the statute constitutional and
carry out the legislative intent. See id.; see also Townsend v. State, 427 S.W.2d 55, 62 (Tex.
Crim. App. 1968). A statute should not be annulled by the courts merely because doubts may be
raised as to its constitutionality. See Ex parte Granviel, 561 S.W.2d 503, 515 (Tex. Crim. App.
1978). Before a legislative act will be set aside, it must clearly appear that its validity cannot be
supported by any reasonable intendment or allowable presumption. See id. at 511.

 Constitutional provisions must be construed in an equitable manner and in light of
the common law. See Texas & New Orleans R.R. Co. v. Railroad Comm'n, 220 S.W.2d 273, 277
(Tex. Civ. App.--Austin 1949, writ ref'd) (quoting Great S. Life Ins. Co. v. City of Austin, 243
S.W. 778, 780 (Tex. 1922)). When interpreting our state constitution, we presume that the
language used has been carefully selected. See Cook v. State, 902 S.W.2d 471, 478 (Tex. Crim.
App. 1995); Gallagher v. State, 690 S.W.2d 587, 592 (Tex. Crim. App. 1985). We attempt to
effectuate the intent of the framers by considering such things as the purpose of the constitutional
provision and the historical context in which it was written. See Autran v. State, 887 S.W.2d 31,
38-39 (Tex. Crim. App. 1994). When determining the purpose of a constitutional provision, we
will consider the evil to be remedied and the good intended to be accomplished by that provision. 
See Aerospace Optimist Club v. Texas Alcoholic Beverage Comm'n, 886 S.W.2d 556, 559-60
(Tex. App.--Austin 1994, no writ).

 The main purpose of article V, section 21 is "to make it the duty of the county
attorney or district attorney, as the case might be, to prosecute the pleas of the state . . . ." (7) 
Brady v. Brooks, 89 S.W. 1052, 1056 (Tex. 1905); see also Meshell v. State, 739 S.W.2d 246,
254 (Tex. Crim. App. 1987). If a county is within a judicial district having a district attorney,
article V, section 21 has been interpreted to relegate to the legislature the power of defining the
respective duties and powers of county and district attorneys. (8) Therefore, if a county is within
a judicial district in which there is a district attorney, article V's mandate that county attorneys
"represent the State in all cases in the District and inferior courts in their respective counties" has
no application.

 Because Travis County is included in a district in which there is a district attorney,
see Tex. Gov't Code Ann. § 43.132 (West Supp. 2000), AISD's reliance upon the phrase "County
Attorneys shall represent the State in all cases" is misplaced. Tex. Const. art. V, § 21. The
language of article V, section 21 applicable to this case is the portion that reads: "but if any
county shall be included in a district in which there shall be a District Attorney, the respective
duties of District Attorneys and County Attorneys shall in such counties be regulated by the
Legislature." Id. It necessarily follows, and we hold that Penal Code section 7.22(a) does not
violate article V, section 21 in the manner asserted by AISD.

 Even if we believed the article V, section 21 language relied upon by AISD did
apply to this case, we would remain unpersuaded that criminal prosecutions of state agencies or
political subdivisions pursuant to Penal Code section 7.22(a) would be constitutionally infirm. 
We base our conclusion on a consideration of the statutes drafted by the legislature to define the
scope of the county attorney's powers and duties and to identify the entities that may be
prosecuted by the county attorney for tampering with a governmental record. Texas Code of
Criminal Procedure articles 2.01 and 2.02 define the respective duties of county and district
attorneys. See Tex. Code Crim. Proc. Ann. arts. 2.01, 2.02 (West Supp. 2000). Article 2.01
requires district attorneys to represent the state in criminal matters before district courts and in
any appeals, in addition to examining trials and habeas corpus proceedings. See id. art. 2.01. 
The county attorney is required to prosecute criminal cases in inferior courts and any appeals; he
also acts in the place of the district attorney when the latter is absent and, when requested, assists
the district attorney in any criminal prosecution. See id. art. 2.02.

 Penal Code section 37.10 classifies the offense of tampering with a governmental
record as a misdemeanor; therefore, the Travis County county attorney's office is authorized to
prosecute individuals, corporations, or associations for violations of section 37.10 in county court. 
See Tex. Penal Code Ann. §§ 1.07(a)(38), 37.10(a)(3), (c)(1). The legislature has defined
"association" as either a "government" or "governmental subdivision." Id. § 1.07(a)(6). The
legislative definition of "government" includes state agencies and political subdivisions and
differentiates between these entities and "the state." See id. § 1.07(a)(24).

 We are bound to afford unambiguous statutes their literal meaning. See Vaughan
and Sons, Inc. v. State, 737 S.W.2d 805, 811 (Tex. Crim. App. 1987). It is up to the legislature
to rein in powers it has delegated. Given the current legislative scheme, the presumption that
every word in a statute has been used by the legislature for a purpose, (9) and our duty to uphold a
statute's constitutionality if a reasonable construction can be ascertained, we decline to hold that
AISD is the equivalent of "the State" for purposes of article V, section 21. Instead, we conclude
that AISD may be properly characterized as a state agency or political subdivision and, as such,
may be prosecuted for the criminal acts of its agents pursuant to Penal Code sections 7.22(a) and
37.10(a)(3). We overrule AISD's two issues and affirm the order of the county court denying
relief.


 


 Jan P. Patterson, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: July 13, 2000

Publish

1. Tex. Penal Code Ann. § 37.10(a)(3) (West Supp. 2000).
2. Tex. Const. art. V, § 21.
3. Tex. Const. art. II, § 1.
4. To secure a misdemeanor conviction against AISD for the conduct of Arredondo, the
county attorney must prove, beyond a reasonable doubt, both that Arredondo intentionally
impaired the verity of TAAS test results and that he was acting on behalf of AISD and within the
scope of his employment. See Tex. Penal Code Ann. §§ 2.01, 7.22(a), 37.10(a)(3) (West 1994
& Supp. 2000). In the event AISD is convicted, Penal Code section 12.51 provides that the court
may sentence it to pay a fine not to exceed $10,000. See id. § 12.51(b)(2) (West 1994). In
addition, the court may order AISD to give notice of the conviction to any person the court deems
appropriate. See id. § 12.51(d).


 We note that to secure a felony conviction against AISD for the conduct of one of its
agents, the district attorney is required to prove beyond a reasonable doubt that the agent's act was
"authorized, requested, commanded, performed, or recklessly tolerated by: (1) a majority of the
governing board acting in behalf of the corporation or association; or (2) a high managerial agent
acting in behalf of the corporation or association and within the scope of his office or
employment." Id. § 7.22(b)(1), (2).
5. Independent school districts have been characterized as state agencies or political
subdivisions by the legislature and the courts of this state. See, e.g., Barr v. Bernhard, 562
S.W.2d 844, 846 (Tex. 1978); Nat'l Surety Corp. v. Friendswood Indep. Sch. Dist., 433 S.W.2d
690, 694 (Tex. 1968); Lewis v. Indep. Sch. Dist., 161 S.W.2d 450, 452 (Tex. 1942); Dupuy v.
State, 121 S.W.2d 1003, 1008 (Tex. Crim. App. 1938); Canutillo Indep. Sch. Dist. v. Olivares,
917 S.W.2d 494, 496 (Tex. App.--El Paso 1996, no writ); see also Tex. Civ. Prac. & Rem. Code
Ann. § 101.001 (West Supp. 2000); Tex. Elec. Code Ann. § 1.005 (West Supp. 2000); Tex. Lab.
Code Ann. § 504.001 (West 1996). 
6. AISD contends, and the county attorney does not challenge, that its argument constitutes
a facial challenge to section 7.22(a).
7. "The office of county attorney first appeared in the Constitution of 1866 in the form of
permission to the legislature to provide for an appointed one to represent the state and county in
the county court." 1 George D. Braden et al., The Constitution of the State of Texas: An
Annotated and Comparative Analysis p. 463 (1977). Article V, section 21 was first adopted in
1876. The current version was adopted in November 1954. The provision has historically caused
courts "a lot of trouble," particularly the language directing county attorneys to "represent the
State in all cases in the District and inferior courts." Braden at 464-65. The litigation
surrounding this language has focused primarily on the proper allocation of prosecutorial power
between district attorneys, county attorneys, and the attorney general. See, e.g., State v. Gray,
359 S.W.2d 456, 458 (Tex. 1962); Garcia v. Laughlin, 285 S.W.2d 191, 196 (Tex. 1955);
Shepperd v. Alaniz, 303 S.W.2d 846, 850 (Tex. App.--San Antonio 1957, no writ). 
8. See Garcia, 285 S.W.2d at 195 (constitution recognizes right of legislature to regulate
and prescribe to county and district attorneys their respective duties); State v. Texas Cent. R.R.
Co., 130 S.W. 663, 664 (Tex. Civ. App. 1910, no writ); Duncan v. State, 67 S.W. 903, 905
(Tex. Civ. App. 1902, no writ); see also Holmes v. Morales, 906 S.W.2d 570, 574 (Tex.
App.--Austin 1995), rev'd on other grounds, 924 S.W.2d 920 (Tex. 1996). While these cases
involve civil representation by county attorneys, we believe this interpretation of article V, section
21 is equally applicable to instances of criminal prosecution.
9. See Southwestern Bell Tel. Co. v. Public Util. Comm'n, 888 S.W.2d 921, 926 (Tex.
App.--Austin 1994, writ denied) (citing Cameron v. Terrell & Garrett, Inc., 618 S.W.2d 535, 540
(Tex. 1981)).


led: July 13, 2000

Publish

1. Tex. Penal Code Ann. § 37.10(a)(3) (West Supp. 2000).
2. Tex. Const. art. V, § 21.
3. Tex. Const. art. II, § 1.
4. To secure a misdemeanor conviction against AISD for the conduct of Arredondo, the
county attorney must prove, beyond a reasonable doubt, both that Arredondo intentionally
impaired the verity of TAAS test results and that he was acting on behalf of AISD and within the
scope of his employment. See Tex. Penal Code Ann. §§ 2.01, 7.22(a), 37.10(a)(3) (West 1994
& Supp. 2000). In the event AISD is convicted, Penal Code section 12.51 provides that the court
may sentence it to pay a fine not to exceed $10,000. See id. § 12.51(b)(2) (West 1994). In
addition, the court may order AISD to give notice of the conviction to any person the court deems
appropriate. See id. § 12.51(d).


 We note that to secure a felony conviction against AISD for the conduct of one of its
agents, the district attorney is required to prove beyond a reasonable doubt that the agent's act was
"authorized, requested, commanded, performed, or recklessly tolerated by: (1) a majority of the
governing board acting in behalf of the corporation or association; or (2) a high managerial agent
acting in behalf of the corporation or association and within the scope of his office or
employment." Id. § 7.22(b)(1), (2).
5. Independent school districts have been characterized as state agencies or political
subdivisions by the legislature and the courts of this state. See, e.g., Barr v. Bernhard, 562
S.W.2d 844, 846 (Tex. 1978); Nat'l Surety Corp. v. Friendswood Indep. Sch. Dist., 433 S.W.2d
690, 694 (Tex. 1968); Lewis v. Indep. Sch. Dist., 161 S.W.2d 450, 452 (Tex. 1942); Dupuy v.
State, 121 S.W.2d 1003, 1008 (Tex. Crim. App. 1938); Canutillo Indep. Sch. Dist. v. Olivares,
917 S.W.2d 494, 496 (Tex. App.--El Paso 1996, no writ); see also Tex. Civ. Prac. & Rem. Code
Ann. § 101.001 (West Supp. 2000); Tex. Elec. Code Ann. § 1.005 (West Supp. 2000); Tex. Lab.
Code Ann. § 504.001 (West 1996). 
6. AISD contends, and the county attorney does not challenge, that its argument constitutes
a facial challenge to section 7.22(a).
7. "The office of county attorney first appeared in the Constitution of 1866 in the form of
permission to the legislature to provide for an appointed one to represent the state and county in
the county court." 1 George D. Braden et al., The Constitution of the State of Texas: An
Annotated and Comparative Analysis p. 463 (1977). Article V, secti