**Ex parte AUSTIN INDEPENDENT SCHOOL DISTRICT.**

**No. 03–00–00111–CR.**

Court of Appeals of Texas, Austin.

July 13, 2000.

Rehearing Overruled Aug. 10, 2000.

Christopher M. Gunter, Christopher M. Gunter, P.C., Austin, for A.I.S.D.

Giselle Horton, Asst. County Atty., Austin, for State.

Before Justices JONES, YEAKEL and PATTERSON.

JAN P. PATTERSON, Justice.

On April 6, 1999, a Travis County grand jury indicted the Austin Independent School District ("AISD") on sixteen counts of tampering with a governmental record [1] based on the conduct of a single AISD employee, Ricky Arredondo. *See* Tex. Penal Code Ann. § 7.22(a) (West 1994) (imposing criminal responsibility on association for conduct performed by agent acting on behalf of association and within scope of employment). AISD filed a petition for writ of habeas corpus in which it argued that Penal Code section 7.22(a) is unconstitutional because it: (1) interferes with the constitutionally mandated duty of county attorneys to "represent the State in all cases in the District and inferior courts in

---

1. Tex. Penal Code Ann. § 37.10(a)(3) (West Supp.2000).

their respective counties,"[2] and (2) violates the separation-of-powers doctrine of the Texas Constitution.[3]

The county court issued the writ and granted AISD an evidentiary hearing. The court found that Penal Code section 7.22(a) is constitutional, and AISD appealed pursuant to Texas Rule of Appellate Procedure 31, again challenging the constitutionality of Penal Code section 7.22(a) on two grounds. We are presented only with the question of whether the prosecution of a school district by a county attorney violates the Texas Constitution; no other issue is raised in this appeal. We affirm the county court order.

## DISCUSSION

The record in this case is sparse; it contains only the sixteen indictments, AISD's petition for writ of habeas corpus, the county court order setting the hearing, the order denying relief, and AISD's notice of appeal. The relevant facts are derived solely from the allegations in the indictments.

Each of the indictments charges AISD with the misdemeanor offense of tampering with a governmental record based on Arredondo's conduct. *See* Tex. Penal Code Ann. § 37.10(a)(3) (West Supp.2000). The indictments allege that Arredondo, while acting on behalf of AISD and within the scope of his employment, caused Texas Assessment of Academic Skills ("TAAS") test identification numbers assigned to six-

teen elementary school students to be changed, thereby eliminating the students' TAAS scores from their schools' ratings determination and impairing the verity of both the Confidential 1998 Accountability Data Tables and the Spring 1998 student level TAAS data files. *See id.*[4]

The language of the indictments tracks the statutory language of Penal Code section 7.22(a), which imposes criminal liability upon an association if conduct constituting an offense is performed by an agent acting on behalf of the association and within the scope of his employment, provided the Penal Code makes associations subject to prosecution for the offense. *See* Tex. Penal Code Ann. § 7.22(a)(1). The statute under which prosecution was brought, Penal Code section 37.10(a)(3), provides: "A *person* commits an offense if he intentionally destroys, conceals, removes, or otherwise impairs the verity, legibility, or availability of a governmental record." *Id.* § 37.10(a)(3) (emphasis added). Penal Code section 1.07(a)(38) defines "person" as "an individual, corporation, or association." *Id.* § 1.07(a)(38) (West 1994). Penal Code section 1.07(a)(6) further defines "association" to include "a government or governmental subdivision...." *Id.* § 1.07(a)(6). Finally, Penal Code section 1.07(a)(24) defines "government" as "(A) the state; (B) a county, municipality, or political subdivision of the state; or (C) any branch or agency of the

---

**2.** Tex. Const. art. V, § 21.

**3.** Tex. Const. art. II, § 1.

**4.** To secure a misdemeanor conviction against AISD for the conduct of Arredondo, the county attorney must prove, beyond a reasonable doubt, both that Arredondo intentionally impaired the verity of TAAS test results *and* that he was acting on behalf of AISD and within the scope of his employment. *See* Tex. Penal Code Ann. §§ 2.01, 7.22(a), 37.10(a)(3) (West 1994 & Supp.2000). In the event AISD is convicted, Penal Code section 12.51 provides that the court may sentence it to pay a fine not to exceed $10,000. *See id.* § 12.51(b)(2)

(West 1994). In addition, the court may order AISD to give notice of the conviction to any person the court deems appropriate. *See id.* § 12.51(d).

We note that to secure a felony conviction against AISD for the conduct of one of its agents, the district attorney is required to prove beyond a reasonable doubt that the agent's act was "authorized, requested, commanded, performed, or recklessly tolerated by: (1) a majority of the governing board acting in behalf of the corporation or association; or (2) a high managerial agent acting in behalf of the corporation or association and within the scope of his office or employment." *Id.* § 7.22(b)(1), (2).

state, a county, municipality, or political subdivision." *Id.* § 1.07(a)(24).

The parties agree that AISD is an association as defined by Penal Code section 1.07(a)(6).[5] By the literal language of the foregoing provisions, the Penal Code provides for the criminal prosecution of associations for acts of tampering by their agents. But AISD contends that section 7.22(a) is unconstitutional in all situations involving governmental entities.[6] AISD's first argument is based upon article V, section 21 of the Texas Constitution, which provides, in relevant part:

> The County Attorneys shall represent the State in all cases in the District and inferior courts in their respective counties; but if any county shall be included in a district in which there shall be a District Attorney, the respective duties of District Attorneys and County Attorneys shall in such counties be regulated by the Legislature.

Tex. Const. art. V, § 21.

AISD contends that insofar as section 7.22(a) authorizes county attorneys to prosecute state agencies and political subdivisions of the state for the criminal acts of their agents, it is an unconstitutional attempt by the legislature to interfere with the county attorneys' duty under article V, section 21 of the Texas Constitution to "represent *the State* in all cases." (Emphasis added.) In support of its argument, AISD relies on articles 2.02 and 2.08 of the Texas Code of Criminal Procedure, which it contends are consistent with a constitutional prohibition of prosecutions of state entities by county attorneys. *See* Tex. Code Crim. Proc. Ann. arts. 2.02 ("The county attorney shall attend the terms of court in his county below the grade of district court, and shall represent the State in all criminal cases under examination or prosecution in said county...."), 2.08 (West 1977 & Supp.2000) ("District and county attorneys shall not be of counsel adversely to the State in any case, in any court...."). AISD also argues that by authorizing the prosecution of state entities, Penal Code section 7.22(a) violates the separation-of-powers doctrine of article II, section 1 of the Texas Constitution.

Our resolution of each of AISD's challenges to the constitutionality of Penal Code section 7.22(a) turns on the meaning of the phrase "the State" in article V, section 21 of the Texas Constitution. Simply put, the issue is whether "the State," as used in that constitutional provision, is the equivalent of any state agency or political subdivision. To resolve this question, we must examine both the statute and the relevant constitutional provision. *See Duncan v. Gabler*, 147 Tex. 229, 215 S.W.2d 155, 158 (1948).

Whenever an attack on the constitutionality of a statute is presented for determination, we begin with the presumption that the statute is valid and that the legislature has not acted unreasonably or arbitrarily in enacting it. *See Ely v. State*, 582 S.W.2d 416, 419 (Tex.Crim.App.1979); *Skillern v. State*, 890 S.W.2d 849, 860 (Tex. App.—Austin 1994, pet. ref'd). The burden rests upon the party challenging the statute to establish its unconstitutionality. *See Ex parte Anderson*, 902 S.W.2d 695, 698 (Tex.App.—Austin 1995, pet. ref'd). We must uphold the statute if a reasonable construction can be ascertained that will

---

**5.** Independent school districts have been characterized as state agencies or political subdivisions by the legislature and the courts of this state. *See, e.g., Barr v. Bernhard*, 562 S.W.2d 844, 846 (Tex.1978); *Nat'l Surety Corp. v. Friendswood Indep. Sch. Dist.*, 433 S.W.2d 690, 694 (Tex.1968); *Lewis v. Indep. Sch. Dist.*, 139 Tex. 83, 161 S.W.2d 450, 452 (1942); *Dupuy v. State*, 135 Tex.Crim. 595, 121 S.W.2d 1003, 1008 (1938); *Canutillo Indep. Sch. Dist. v. Olivares*, 917 S.W.2d 494, 496 (Tex.App.—El Paso 1996, no writ); *see also* Tex. Civ. Prac. & Rem.Code Ann. § 101.001 (West Supp.2000); Tex. Elec.Code Ann. § 1.005 (West Supp.2000); Tex. Lab. Code Ann. § 504.001 (West 1996).

**6.** AISD contends, and the county attorney does not challenge, that its argument constitutes a facial challenge to section 7.22(a).

render the statute constitutional and carry out the legislative intent. *See id.; see also Townsend v. State,* 427 S.W.2d 55, 62 (Tex. Crim.App.1968). A statute should not be annulled by the courts merely because doubts may be raised as to its constitutionality. *See Ex parte Granviel,* 561 S.W.2d 503, 515 (Tex.Crim.App.1978). Before a legislative act will be set aside, it must clearly appear that its validity cannot be supported by any reasonable intendment or allowable presumption. *See id.* at 511.

▄▄▄ Constitutional provisions must be construed in an equitable manner and in light of the common law. *See Texas & New Orleans R.R. Co. v. Railroad Comm'n,* 220 S.W.2d 273, 277 (Tex.Civ. App.—Austin 1949, writ ref'd) (quoting *Great S. Life Ins. Co. v. City of Austin,* 112 Tex. 1, 243 S.W. 778, 780 (1922)). When interpreting our state constitution, we presume that the language used has been carefully selected. *See Cook v. State,* 902 S.W.2d 471, 478 (Tex.Crim.App.1995); *Gallagher v. State,* 690 S.W.2d 587, 592 (Tex.Crim.App.1985). We attempt to effectuate the intent of the framers by considering such things as the purpose of the constitutional provision and the historical context in which it was written. *See Autran v. State,* 887 S.W.2d 31, 38–39 (Tex. Crim.App.1994). When determining the purpose of a constitutional provision, we will consider the evil to be remedied and the good intended to be accomplished by that provision. *See Aerospace Optimist Club v. Texas Alcoholic Beverage Comm'n,* 886 S.W.2d 556, 559–60 (Tex.App.—Austin 1994, no writ).

▄▄▄ The main purpose of article V, section 21 is "to make it the duty of the county attorney or district attorney, as the case might be, to prosecute the pleas of the state...."[7] *Brady v. Brooks,* 99 Tex. 366, 89 S.W. 1052, 1056 (1905); *see also Meshell v. State,* 739 S.W.2d 246, 254 (Tex. Crim.App.1987). If a county is within a judicial district having a district attorney, article V, section 21 has been interpreted to relegate to the legislature the power of defining the respective duties and powers of county and district attorneys.[8] Therefore, if a county is within a judicial district in which there is a district attorney, article V's mandate that county attorneys "represent the State in all cases in the District and inferior courts in their respective counties" has no application.

Because Travis County is included in a district in which there is a district attorney, *see* Tex. Gov't Code Ann. § 43.132 (West Supp.2000), AISD's reliance upon the phrase "County Attorneys shall represent the State in all cases" is misplaced. Tex. Const. art. V, § 21. The language of article V, section 21 applicable to this case is the portion that reads: "but if any coun-

---

**7.** "The office of county attorney first appeared in the Constitution of 1866 in the form of permission to the legislature to provide for an appointed one to represent the state and county in the county court." 1 George D. Braden et al., *The Constitution of the State of Texas: An Annotated and Comparative Analysis* p. 463 (1977). Article V, section 21 was first adopted in 1876. The current version was adopted in November 1954. The provision has historically caused courts "a lot of trouble," particularly the language directing county attorneys to "represent the State in all cases in the District and inferior courts." Braden at 464–65. The litigation surrounding this language has focused primarily on the proper allocation of prosecutorial power between district attorneys, county attorneys, and the attorney general. *See, e.g., State ex rel. Dishman v. Gray,* 163 Tex. 565, 359 S.W.2d

456, 458 (1962); *Garcia v. Laughlin,* 155 Tex. 261, 285 S.W.2d 191, 196 (1955); *Shepperd v. Alaniz,* 303 S.W.2d 846, 850 (Tex.App.—San Antonio 1957, no writ).

**8.** *See Garcia,* 285 S.W.2d at 195 (constitution recognizes right of legislature to regulate and prescribe to county and district attorneys their respective duties); *State v. Texas Cent. R.R. Co.,* 62 Tex.Civ.App. 166, 130 S.W. 663, 664 (1910, no writ); *Duncan v. State,* 28 Tex.Civ.App. 447, 67 S.W. 903, 905 (1902, no writ); *see also Holmes v. Morales,* 906 S.W.2d 570, 574 (Tex.App.—Austin 1995), *rev'd on other grounds,* 924 S.W.2d 920 (Tex.1996). While these cases involve civil representation by county attorneys, we believe this interpretation of article V, section 21 is equally applicable to instances of criminal prosecution.

ty shall be included in a district in which there shall be a District Attorney, the respective duties of District Attorneys and County Attorneys shall in such counties be regulated by the Legislature." *Id.* It necessarily follows, and we hold that Penal Code section 7.22(a) does not violate article V, section 21 in the manner asserted by AISD.

 Even if we believed the article V, section 21 language relied upon by AISD did apply to this case, we would remain unpersuaded that criminal prosecutions of state agencies or political subdivisions pursuant to Penal Code section 7.22(a) would be constitutionally infirm. We base our conclusion on a consideration of the statutes drafted by the legislature to define the scope of the county attorney's powers and duties and to identify the entities that may be prosecuted by the county attorney for tampering with a governmental record. Texas Code of Criminal Procedure articles 2.01 and 2.02 define the respective duties of county and district attorneys. *See* Tex. Code Crim. Proc. Ann. arts. 2.01, 2.02 (West Supp.2000). Article 2.01 requires district attorneys to represent the state in criminal matters before district courts and in any appeals, in addition to examining trials and habeas corpus proceedings. *See id.* art. 2.01. The county attorney is required to prosecute criminal cases in inferior courts and any appeals; he also acts in the place of the district attorney when the latter is absent and, when requested, assists the district attorney in any criminal prosecution. *See id.* art. 2.02.

Penal Code section 37.10 classifies the offense of tampering with a governmental record as a misdemeanor; therefore, the Travis County county attorney's office is authorized to prosecute individuals, corporations, or associations for violations of section 37.10 in county court. *See* Tex. Penal Code Ann. §§ 1.07(a)(38), 37.10(a)(3), (c)(1). The legislature has de-

fined "association" as either a "government" or "governmental subdivision." *Id.* § 1.07(a)(6). The legislative definition of "government" includes state agencies and political subdivisions and differentiates between these entities and "the state." *See id.* § 1.07(a)(24).

We are bound to afford unambiguous statutes their literal meaning. *See Vaughan and Sons, Inc. v. State,* 737 S.W.2d 805, 811 (Tex.Crim.App.1987). It is up to the legislature to rein in powers it has delegated. Given the current legislative scheme, the presumption that every word in a statute has been used by the legislature for a purpose,[9] and our duty to uphold a statute's constitutionality if a reasonable construction can be ascertained, we decline to hold that AISD is the equivalent of "the State" for purposes of article V, section 21. Instead, we conclude that AISD may be properly characterized as a state agency or political subdivision and, as such, may be prosecuted for the criminal acts of its agents pursuant to Penal Code sections 7.22(a) and 37.10(a)(3). We overrule AISD's two issues and affirm the order of the county court denying relief.

**9.** *See Southwestern Bell Tel. Co. v. Public Util. Comm'n,* 888 S.W.2d 921, 926 (Tex.App.—Austin 1994, writ denied) (citing *Cameron v. Terrell & Garrett, Inc.,* 618 S.W.2d 535, 540 (Tex.1981)).