Opinion issued November 13, 2003
















In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00793-CR




DANNY ROYCE MURPHY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the County Court at Law No. 3
Galveston County, Texas
Trial Court Cause No. 213135




MEMORANDUM OPINION
          Appellant, Danny Royce Murphy, was found guilty by a jury of the
misdemeanor offense of displaying a counterfeit insurance document. The trial court
suspended punishment of 180 days’ confinement and a fine of $500, and placed
appellant on community supervision for six months. In four points of error, appellant
asserts that the trial court lacked jurisdiction over the case and that he was deprived
of the due process of law. 
           Counsel has filed an Anders brief stating that the appeal is frivolous and wholly
without merit. The brief meets the requirements of Anders v. California, 386 U.S.
738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record and
detailing why there are no arguable grounds for error to be advanced. See High v.
State, 573 S.W.2d 807, 811 (Tex. Crim. App. 1978); Moore v. State, 845 S.W.2d 352,
353 (Tex. App.—Houston [1st Dist.] 1992, pet. ref’d). Appellant has filed a brief on
his own behalf.
BACKGROUND
          During a traffic stop, appellant gave Officer Winstead an insurance card from
Puget Sound Agricultural Association [Puget Sound], which is not authorized to
conduct business within the State of Texas. It is questionable whether Puget Sound
exists at all.
          Appellant asserts in his pro se brief that the trial court failed to gain jurisdiction
over the case, that the Code of Criminal Procedure only applies to corporations rather
than human beings, that appellant was deprived of due course of law through an
improper charging of a misdemeanor, and that the evidence presented was legally
insufficient to prove that he knew that the document was counterfeit. 
DISCUSSION
Jurisdiction
Constitutional Requirement for Information
          Appellant asserts that the trial court failed to gain jurisdiction over his case
because the case was based on an information brought forth by an assistant district
attorney. Appellant contends that the state constitution allows the commencement of
a prosecution by an information in a constitutional county court only when it is filed
by the county attorney and that otherwise, the constitutionally proscribed procedure
is that a misdemeanor can only be charged by an indictment returned by a grand jury
to the district court and then transferred to the inferior court which has jurisdiction.
          Article 5, section 21 of the Texas Constitution specifies the roles of county
attorneys and district attorneys. Tex. Const. Art. III, § 2. If a county is within a
judicial district in which there is a district attorney, the state constitution’s mandate
that a county attorney represent the state in all cases in the district and inferior courts
in their respective counties has no application. Ex parte Austin Indep. Sch. Dist., 23
S.W.3d 596, 600-01 (Tex. App.—Austin 2000, pet. ref’d). We overrule appellant’s
first point of error.
 
Naming Conventions
          In his second point of error, appellant avers that the Code of Criminal
Procedure does not define the meaning of “person” in a way that corresponds to an
individual as opposed to a corporation, and thus he can not be prosecuted. In his
brief, appellant acknowledges that there is “no relevant appellate authority for this
point of error.” He is correct. There is none. We overrule appellant’s second point
of error.
Due Course of Law
          Appellant’s third point of error is that the trial court, by allowing appellant’s
prosecution to proceed despite the alleged mistake of allowing the proceedings to
commence via information, deprived him of the due course of law. As we have found
that the trial court properly allowed the case to proceed via information, we overrule
appellant’s third point of error.
Legal Sufficiency
          Appellant’s fourth point of error is that the evidence presented was legally
insufficient to convict as the State offered no proof that appellant knew that the
document was counterfeit. In reviewing the evidence on legal sufficiency grounds,
we view the evidence in the light most favorable to the prosecution to determine
whether any rational trier of fact could have found the essential elements of the
offense beyond a reasonable doubt. King v. State, 29 S.W.3d 556, 562 (Tex. Crim.
App. 2000). The jury is the exclusive judge of the facts, the credibility of the
witnesses, and the weight to be given to the witnesses’ testimony. Penegraph v.
State, 623 S.W.2d 341, 343 (Tex. Crim. App. 1981). 
          In the present case, Officer Winstead testified regarding appellant’s actions and
statements at the time that appellant was pulled over. The officer stated that the
appellant asked why he had to display proof of liability insurance and showed the
proof of insurance after asking whether the information he gave would be admissible
in a court of law. Officer Winstead also stated that appellant discussed why he did
not believe he had to have the registration or other indicia required by state law. A
rational juror could interpret this as some evidence that appellant was concerned
about the validity of his insurance and find that appellant acted in a “knowing”
manner. We overrule appellant’s fourth point of error.
Counsel’s Motion to Withdraw
          Appellant’s court-appointed counsel filed a motion to withdraw as counsel and
a brief concluding that the appeal is wholly frivolous and without merit. We grant
counsel’s motion to withdraw.


 See Stephens v. State, 35 S.W.3d 770, 771 (Tex.
App.—Houston [1st Dist.] 2000, no pet.). 
CONCLUSION
          We have carefully reviewed the record, counsel’s brief, and appellant’s brief. 
We find no reversible error in the record and agree that the appeal is wholly frivolous.
          We affirm the judgment of the trial court. 
 
 
                                                             Sam Nuchia
                                                             Justice

Panel consists of Justices Hedges, Nuchia, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).