

ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

January 30, 2007

The Honorable Laura Garza Jimenez
Nueces County Attorney
Nueces County Courthouse
901 Leopard, Room 207
Corpus Christi, Texas 78401-3680

Opinion No. GA-0507

Re: Authority of a county attorney to represent the Texas Department of Aging and Disability Services, in prosecuting an application for placement under chapter 593, Health and Safety Code (RQ-0510-GA)

Dear Ms. Garza Jimenez:

You inform us that the Texas Department of Aging and Disability Services ("DADS"), a state agency, requested you as county attorney to "file an Application for Placement under the [Persons with] Mental Retardation Act in accordance [with] Chapter 593 of the Texas Health & Safety Code," and you inquire about your authority.[1]

You characterize your question differently throughout your request. You initially state that the issue is whether you have the "authority to represent [DADS] in . . . prosecuting" the application. *See* Request Letter, *supra* note 1, at 1. You state that DADS requested you to "pursue litigation, specifically to file" the application. *Id.* You also state that "it must be determined whether the County Attorney has the authority to represent [DADS] in such a proceeding." *Id.* at 2. Finally, you state that you believe you are "not authorized to pursue litigation under Chapter 593 on behalf of the State" and inquire about your authority to "represent this state agency in a proceeding pursuant to Chapter 593." *Id.* at 3. When we consider your request in its entirety, we understand you to ask not about any ministerial authority you may have to "file" the application on behalf of DADS by submitting it to the court clerk but about your authority as the county attorney to act as legal counsel for DADS in initiating and prosecuting the proceeding.

Before we consider the authority of a county attorney under applicable statutory and constitutional provisions, we must address DADS' assertion that it has not requested you to serve as its legal counsel in this matter. In its brief to this office, DADS affirmatively states that it has not

---

[1]*See* Letter from Honorable Laura Garza Jimenez, Nueces County Attorney, to Honorable Greg Abbott, Attorney General of Texas, at 1 (July 11, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

asked you to pursue the application in question.[2] Attorneys generally act on behalf of clients. The attorney-client relationship is formed when the parties manifest an intention, explicitly or impliedly, to create an attorney-client relationship. *See Parker v. Carnahan*, 772 S.W.2d 151, 156 (Tex. App.—Texarkana 1989, writ denied) (citing *Nolan v. Foreman*, 665 F.2d 738 (5th Cir. 1982)). In this instance, DADS, the purported client, has explicitly stated it did not intend to create an attorney-client relationship with you in order for you to initiate and prosecute an application under section 593.041. *See* DADS Brief, *supra* note 2, at 1 ("The opinion request is based on the mistaken premise that DADS requested the Nueces County Attorney to pursue the commitment of a person with mental retardation under the Act."). Absent a request from DADS we do not believe you have authority to serve as its legal counsel. We nonetheless consider the applicable statutory and constitutional provisions to determine if you have independent authority to initiate and prosecute an application for involuntary placement under section 593.041 of the Health and Safety Code.

As part of the Persons with Mental Retardation Act (the "Act"), chapter 593 of the Health and Safety Code governs commitment proceedings for persons with mental retardation.[3] *See* TEX. HEALTH & SAFETY CODE ANN. ch. 593 (Vernon 2003) (entitled "Admission and Commitment to Mental Retardation Services"); *see also id.* subtit. D (Vernon 2003 & Supp. 2006) (consisting of chapters 591, 592, 593, 594, 595, & 597) ("Persons With Mental Retardation Act"); *cf. id.* subtit. C (Vernon 2003 & Supp. 2006) ("Texas Mental Health Code" pertaining to mental illness[4]). Chapter 593 contains provisions governing voluntary commitment to mental retardation services, *see id.* §§ 593.021–.030 (Vernon 2003), and provisions governing involuntary commitment to residential mental retardation services,[5] *see id.* §§ 593.041–.056. Section 593.041(a) authorizes a

> proposed resident, if an adult, a parent if the proposed resident is a minor, the guardian of the person, the court, or any other interested person, including a community center or agency that conducted a determination of mental retardation of the proposed resident, [to]

---

[2]*See* Letter from Kenneth L. Owens, General Counsel, Texas Department of Aging and Disability Services, to Honorable Greg Abbott, Attorney General of Texas (Aug. 28, 2006) (on file with the Opinion Committee) [hereinafter DADS Brief].

[3]A "[p]erson with mental retardation" is a "person determined by a physician or psychologist licensed in this state or certified by the department to have subaverage general intellectual functioning with deficits in adaptive behavior." TEX. HEALTH & SAFETY CODE ANN. § 591.003(16) (Vernon 2003).

[4]"'Mental illness' means an illness, disease, or condition, other than epilepsy, senility, alcoholism, or mental deficiency, that: (A) substantially impairs a person's thought, perception of reality, emotional process, or judgment; or (B) grossly impairs behavior as demonstrated by recent disturbed behavior." *Id.* § 571.003(14) (Vernon Supp. 2006).

[5]"'Mental retardation services' means programs and assistance for persons with mental retardation that may include a determination of mental retardation, interdisciplinary team recommendations, education, special training, supervision, care, treatment, rehabilitation, residential care, and counseling, but does not include those services or programs that have been explicitly delegated by law to other state agencies." *Id.* § 591.003(14) (Vernon 2003).

> file an application for an interdisciplinary team report and
> recommendation that the proposed client is in need of long-term
> placement in a residential care facility.

*Id.* § 593.041(a). The application is to be filed with the county clerk in specified appropriate counties, and the county court has original jurisdiction over the judicial proceedings. *See id.* § 593.041(b)–(c). Once an application has been filed, the court is required to set the "earliest practicable date for a hearing to determine the appropriateness of the proposed commitment." *Id.* § 593.047. If requested by a party, the hearing is to be before a jury. *Id.* § 593.049(a). Moreover, the hearing is to be conducted in the open unless the proposed resident[6] or the proposed resident's representative requests a closed hearing on good cause. *See id.* § 593.050(a). The hearing is a civil matter to which the Texas Rules of Civil Procedure apply. *See id.* § 593.049(b); *see also In re G.D.,* 10 S.W.3d 419, 422 (Tex. App.—Waco 2000, no pet.) ("Involuntary mental health commitment proceedings are civil rather than criminal in nature."). And "[t]he party who filed the application has the burden to prove beyond a reasonable doubt that long-term placement of the proposed resident in a residential care facility is appropriate." TEX. HEALTH & SAFETY CODE ANN. § 593.050(e) (Vernon 2003). Nowhere in chapter 593 is a county attorney charged with the affirmative responsibility to initiate and prosecute an application for involuntary commitment of an individual with mental retardation.

By contrast, the Mental Health Code expressly authorizes a county attorney to initiate an action "for court-ordered mental health services" for an individual with mental illness.[7] *Id.* § 574.001(a) (Vernon Supp. 2006). Moreover, when a county attorney initiates such an action, the Mental Health Code expressly provides that a "county attorney shall represent the state." *Id.* § 571.016(1) (Vernon 2003). In addition, "[a]ll applications" filed under the Mental Health Code "shall be filed on behalf of the State of Texas" and styled in the name of the State of Texas as specified. *Id.* § 571.0166. These sections of the Mental Health Code indicate to us that the Legislature knows how to expressly authorize a county attorney to initiate a proceeding for mental health services and to prosecute it on behalf of the state. *Cf. Tex. Natural Res. Conservation Comm'n v. IT-Davy,* 74 S.W.3d 849, 859 (Tex. 2002) (stating that Legislature knows how to waive sovereign immunity and citing to Texas Tort Claims Act as example of Legislature's knowledge); *FM Props. Operating Co. v. City of Austin,* 22 S.W.3d 868, 885 (Tex. 2000) (stating that the specified statute "shows that the Legislature knows how to provide a right of appeal to persons affected by a water quality plan . . . [but that] the Legislature chose not to provide such a right to persons affected by [another specified section]"). The fact that it did not do so in chapter 593, coupled with the statement that under chapter 593 a "person may be admitted for mental retardation

---

[6]A "resident" is a "person living in and receiving services from a residential care facility." *Id.* § 591.003(17). A "residential care facility" is a "facility operated by the department or a community center that provides 24-hour services, including domiciliary services, directed toward enhancing the health, welfare, and development of persons with mental retardation." *Id.* § 591.003(18).

[7]Mental illness and mental retardation are different aspects of mental health and are governed by different provisions in the Health and Safety Code. *See supra,* notes 3 & 4, defining "person with mental retardation" and "mental illness." *Compare id.* subtit. C (Vernon 2003 & Supp. 2006) *with id.* subtit. D (Vernon 2003).

services . . . only as provided by [chapter 593]," indicates to us that a county attorney is not independently authorized by chapter 593 to initiate and prosecute a section 593.041 application on behalf of the state. TEX. HEALTH & SAFETY CODE ANN. § 593.001 (Vernon 2003).

We also consider the general duties and authority of a county attorney. The office of county attorney is a constitutional office. *See* TEX. CONST. art. V, § 21 ("A County Attorney . . . shall be elected by the qualified voters of each county . . . ."). Article V, section 21, Texas Constitution provides that

> [t]he County Attorneys shall represent the State in all cases in the District and inferior courts in their respective counties; but if any county shall be included in a district in which there shall be a District Attorney, the respective duties of District Attorneys and County Attorneys shall in such counties be regulated by the Legislature.

*Id.* The 105th Judicial District, which includes Nueces County, elects a district attorney. *See* TEX. GOV'T CODE ANN. § 43.148(a) (Vernon 2004). Recently a court of appeals construing article V, section 21 stated that when the Legislature has established the respective duties of the two offices, "article V's mandate that county attorneys 'represent the State in all cases in the District and inferior courts in their respective counties' has no application." *Ex parte Austin Indep. Sch. Dist.*, 23 S.W.3d 596, 600 (Tex. App.—Austin 2000, pet. ref'd). Thus, under article V, section 21, the respective duties of the district attorney and county attorney of Nueces County are regulated by the Legislature through statute.

For the counties in the 105th Judicial District, the district attorney "shall attend each term and session of the district, county, and justice courts of Nueces County . . . and shall represent the state in criminal cases pending in those courts." TEX. GOV'T CODE ANN. § 43.148(b) (Vernon 2004). By virtue of the Government Code, therefore, the Nueces County Attorney has no general authority to represent the state in criminal matters. Additionally, the Government Code provides no special instructions for the Nueces County Attorney. *See id.* § 45.278 (Vernon 2004) (reserved for Nueces County). And the Government Code does not affirmatively provide the Nueces County Attorney any general civil authority to act on behalf of the state. *Cf. id.* §§ 45.171(a) (Vernon 2004) ("It is the primary duty of the county attorney in El Paso County . . . to represent the state . . . in all civil matters pending before the courts of El Paso County . . . ."); 45.179(a) (Vernon Supp. 2006) (Fort Bend County); 45.193(a) (Vernon 2004) (Grimes County); 45.201 (Harris County). Moreover, judicial opinions suggest that a county attorney has no independent authority to initiate a suit on behalf of the state. *See Duncan v. State*, 67 S.W. 903, 904 (Tex. Civ. App.—Fort Worth 1902, no writ); *Wexler v. State*, 241 S.W. 231, 232 (Tex. Civ. App.—Galveston 1922, no writ); *State v. Tex. Cent. R.R. Co.*, 130 S.W. 663, 664 (Tex. Civ. App.—Fort Worth 1910, no writ). None of the statutes relating to the general authority of a county attorney provide an independent basis for the county attorney to act as legal counsel for the state.

We note that chapter 593 authorizes an "interested person" to file an application but does not define the term "interested person." Under the Code Construction Act, "person" is defined broadly

to include "government or governmental subdivision or agency . . . and any other legal entity." TEX. GOV'T CODE ANN. § 311.005(2) (Vernon 2005). As a state agency, DADS is a person under this definition. And certainly DADS is an interested person because it is expressly charged with certain responsibilities for persons with mental retardation. *See* Tex. HEALTH & SAFETY CODE ANN. §§ 531.001(c) (Vernon 2003) ("It is the goal of this state to provide a comprehensive range of services for persons with mental illness or mental retardation . . . ."), 531.001(h) ("It is the policy of this state that the board[8] serves as the state's mental health and mental retardation authority . . . .") (footnote added), 591.011(a) (listing duties of the Texas Department of Mental Health and Mental Retardation).[9] But as we stated previously, we do not believe you are authorized to serve as legal counsel for DADS absent its request.

However, a county may also be an "interested person." As a governmental subdivision, it is a person under the Code Construction Act. We believe a county has an interest in the individuals with mental retardation that reside in the county. Counties are charged generally with providing for the health and welfare of persons within the county. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 121.003(a), 122.001 (Vernon 2001). Counties also have a responsibility to support the indigent in the county. *See id.* §§ 61.001–.066 (Vernon 2001 & Supp. 2006) ("Indigent Health Care and Treatment Act"). To the extent an individual with mental retardation in a county is not otherwise provided mental retardation services, we believe a county has an interest in ensuring appropriate care is provided to the individual and therefore is an "interested person" within the scope of section 593.041.

Generally, a county attorney does not "represent the county in its general legal business or the conduct of ordinary civil actions." *Hill Farm, Inc. v. Hill County*, 425 S.W.2d 414, 419 (Tex. Civ. App.—Waco 1968), *aff'd*, 436 S.W.2d 320 (Tex. 1969); *see also Guynes v. Galveston County*, 861 S.W.2d 861, 864 (Tex. 1993) (stating it is not the county attorney's statutory duty "to represent the county in its general legal business") (quoting *Hill Farm, Inc.*, 425 S.W.2d at 419); *see also* Tex. Att'y Gen. Op. No. GA-0153 (2004) at 2. The county commissioners court may, however, employ the county attorney to provide representation that the county attorney is not otherwise required by law to provide. *See Hill Farm, Inc.*, 425 S.W. 2d at 419; *Lattimore v. Tarrant County*, 124 S.W. 205, 207 (Tex. Civ. App.—Fort Worth 1909, no writ) (commissioners court may employ and compensate county attorney for "various and sundry" duties not required in ex officio capacity). Thus, a county commissioners court may employ a county attorney to file an application for placement of an individual with mental retardation in the discharge of the county's responsibility to care for its citizens. *See O'Quinn v. McVicker*, 428 S.W.2d 111, 112 (Tex. Civ. App.—Beaumont

---

[8]In section 531.002(1) the term "board" is defined to mean the "Texas Board of Mental Health and Mental Retardation." TEX. HEALTH & SAFETY CODE ANN. § 531.002(1) (Vernon 2003). Currently DADS is the state's mental retardation authority. *See infra* note 9.

[9]Prior to 2003, the Texas Department of Mental Health and Mental Retardation administered both mental health services and mental retardation services. In 2003, the Legislature abolished that state agency and assigned mental health services to the Texas Department of State Health Services and mental retardation services to the Texas Department of Aging and Disability Services. *See* Act of June 2, 2003, 78th Leg., R.S., ch. 198, §§ 1.01–.03, 1.19(a)(2), 1.20(a)(3), 1.26, 2003 Tex. Gen. Laws 611, 611–14, 636–38, 641, 729.

1968, no writ) (commissioners court has authority to cause suit to be initiated or defended in the name of and for the benefit of the county and has authority to employ counsel for that purpose). In such an event, the county attorney would be able to act as the county's legal counsel should the county commissioners court decide to participate in the proceeding.

In sum, absent a request from DADS, we do not believe you have authority to serve as its legal counsel in the initiation and prosecution of an application for placement under section 593.041. And we find nothing in the Act or in the statutes pertaining to the general authority of a county attorney that authorizes a county attorney to independently initiate and prosecute an application under section 593.041 on behalf of the state. You may still be able to participate in such a proceeding to the extent the county is an interested person and the commissioners court has requested your legal services.

## S U M M A R Y

A county attorney is not authorized to serve as legal counsel to the Texas Department of Aging and Disability Services, absent its request, in the initiation and prosecution of an application for placement of a person with mental retardation under section 593.041 of the Health and Safety Code. Applicable statutes do not authorize a county attorney to independently initiate and prosecute such an application. However, to the extent a county is an interested person under the statute, a county attorney, when requested and authorized by the commissioners court, may initiate and prosecute a section 593.041 application on behalf of the county.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee